EX PARTE R. E. BOWEN.

*No. 467.   Decided January 30.*

**City Ordinances—Work on Streets—Construction of Statute.**—Where a city has been incorporated under the general laws (Revised Civil Statutes, title 17), *Held*, that under the Act of March 30, 1889, amending article 375, Revised Statutes, which empowers such cities to "cause all able-bodied male inhabitants over 18 years of age, except ministers of the gospel," to work on the streets, an ordinance, passed to compel such labor under penalty of fine or imprisonment, is valid, and it is not essential to its validity that such ordinance should have defined who are "able-bodied." See New Revised Statutes, article 419.

APPEAL from Collin. Tried below in chambers before Hon. M. G. ABERNATHY, County Judge.

The opinion states the case.

*H. C. Mack* and *M. H. Garnett*, for relator.

No briefs for respondent.

HENDERSON, JUDGE.—The appellant was arrested by virtue of a warrant issued by the recorder of the city of McKinney to the marshal of said city, on a complaint charging him (said relator) with the violation of an ordinance of said city requiring all able-bodied male inhabitants of said city over the age of 18 years, except ministers of the gospel, to work the streets of said city, or in the alternative to pay $1 per day or furnish a substitute, under certain regulations prescribed in said ordinance. For his arrest by the marshal, he sued out a writ of habeas corpus, and was brought before the county judge, who tried the case in chambers and remanded the relator to the custody of said marshal; the effect of his decision being to uphold the validity and legality of the ordinance of said city of McKinney, and that the relator was liable under said ordinance to work said streets. From the decision of said county judge the relator brings this case before us by appeal.

The agreed statement of facts shows the liability of the relator to being compelled to work said streets of McKinney if said ordinance is valid and constitutional. But he claims that it is invalid, (1) because it imposes upon the citizens of McKinney a more onerous burden than is prescribed by the State law regulating the public highways; (2) because by its enforcement the citizen is imprisoned for debt; and contravenes and violates the rights of applicant as guarantied him by the Constitution and laws of this State and of the United States. Under the agreed facts, it should be stated, that it is admitted that the applicant is over the age of 45 years, and hence past the age when he could be compelled to work country roads by the statute on the subject. On this feature of the case, as presented, we have to say, that we know of nothing in our State Constitution that limits the age of road or street working in cities and towns. On the contrary, article 375 of the Revised Civil Statutes, as amended by the Twenty-first Legislature (page 1), has no limitations. By its provisions, cities can, by ordinance, require all able-bodied male persons over the age of 18 years to work the streets. Furthermore, we fail to see anything in the position taken by the relator that the ordinance should have defined who are able-bodied.

Whether or not the ordinance under which relator was held contravenes the law of this State, presents a more serious question. The case of Ex Parte Grace, 9 Texas Criminal Appeals, 381, was, in its main feature, very much like the present case. In that case, however, the city of Bonham was incorporated by a special act of the Legislature, while in the case before us, we assume that the city of McKinney was incorporated under the general laws of the State. Rev. Civ. Stats., title 17. That case was a proceeding on habeas corpus for an alleged

violation of an ordinance of the city of Bonham in regard to working the streets of said city; and the power of said city as conferred by special charter on the subject was in about the same language employed in the title of the Revised Civil Statutes already cited. But, since the decision before alluded to (in Ex Parte Grace, 9 Texas Criminal Appeals, 381), the Legislature has passed an act amending article 375, title 17, of the Revised Civil Statutes, evidently with the intention of meeting the view of the court as expressed in said decision, and providing, in addition to the means given by the former law to cities and towns to work and repair streets, a method of compulsory labor. The former statutes on the subject (see Revised Civil Statutes, articles 375, 382, 410, 418, 420, 474, 521), as construed by this court in Ex Parte Grace, and as followed in Ex Parte Campbell (Texas Criminal Appeals), 22 Southwestern Reporter, 1020, were held not to authorize an ordinance by a city or town requiring the labor of all able-bodied male persons on the streets, under a penalty of fine or imprisonment. The court held in Ex Parte Grace, and in the Garza case, 28 Texas Criminal Appeals, 382, following the current of authority, "that a municipal corporation can exercise no power which the charter does not grant in express words, or which is not necessarily or fairly implied in or incident to the powers expressly granted, or which is not essential to the disclosed objects and purposes of the corporation."

While the law as it formerly stood contained no express grant of power, and none which could necessarily or possibly be implied, to a municipal corporation to pass an ordinance compelling the labor of all able-bodied male persons on the streets, under a penalty of fine or imprisonment, yet the Act of the Legislature approved March 30, 1889, in our opinion, clearly gives such authority. The language on the subject gives to incorporated cities and towns power "to cause all able-bodied male inhabitants above 18 years of age, except ministers of the gospel, to work on the streets not exceeding five days in any one year, or to furnish a substitute or a sum of money (not to exceed $1 for each day's work demanded) to employ said substitute, and to enforce the same by appropriate ordinances." As before stated, we assume that the city of McKinney was incorporated under the general laws of the State authorizing the incorporation of cities and towns. The record shows it had a mayor, a recorder, and a marshal, and that it passed the ordinance in question, which required all able-bodied male persons, inhabitants of said city (ministers of the gospel excepted), over the age of 18 years, to work the streets of said city. The agreed statement of facts admits that the relator is liable if the ordinance is valid; that is, such a one as the city council was authorized by law to pass. The record nowhere shows the population of McKinney. But holding, as we do, that it was the duty of the relator, before he was entitled to the writ, to show that the ordinance in question was such a one as the city of McKinney in no event had a right to pass, and he having failed to do so, he has not shown himself entitled

to the relief sought. If the council had a right, under the statute of the State, to pass such an ordinance, compelling all able-bodied male persons over the age of 18 years to work the streets of the city of McKinney, then the relator admits that he is liable, and subject to the provision; and it appearing that McKinney is an incorporated city, in the absence of a showing by the relator to the contrary, it will be presumed that McKinney is incorporated under the general laws of the State (title 17) regarding the incorporation of cities and towns, and that the provisions of said title, including article 375 and the amendments thereto, are applicable to the city of McKinney, and that the relator is liable thereunder to work the streets of said city.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.