## EX PARTE WILL DRAKE.

### No. 4482. Decided February 3, 1909.

**1.—Habeas Corpus—Refusing to Work on Streets—City Ordinance—Penalty— Statutes Construed.**

The amendment, article 437a Revised Civil Statute, of article 419 Revised Civil Statute, simply affects the limitation upon age of the party liable to work the streets or road, and does not affect article 419 supra, authorizing cities to compel persons to work on the street; and a city incorporated under said general law may impose such penalties as it sees fit, without reference to the State law (article 491, White's Penal Code) in regard to working the roads, subject to the limitations of punishment as fixed by the jurisdiction of the local courts.

**2.—Same—More Onerous Penalty—Constitutional Law.**

The fact that a city under the general incorporation law placed a heavier penalty for a violation of the street ordinance which provided for· the working of the street and alleys, than is imposed upon a man subject to road duties under the general State law, does not make it invalid, or unconstitutional; especially where the city has the exclusive control and management of its streets as under article 419 supra. Following Ex parte Bowen, 34 Texas Crim. Rep., 107; 29 S. W. Rep., 269.

**3.—Same—Jurisdiction—County Court—Appeal Bond.**

Where defendant was convicted in a corporation court for a violation of the city ordinance and appealed to the county court, he can not object to the jurisdiction of the county court in a habeas corpus proceeding on account of a defective appeal bond in said appeal to the county court.

**4.—Same—Incorporation—County Judge—Entry of Order—Evidence—Collateral Attack.**

Under article 586 of the Revised Civil Statute providing that the county judge shall make an entry upon the records of the commissioners court upon receipt of the returns of election incorporating a town under the general law, etc., it is not mandatory tl..t the county judge make such order personally, and the clerk can make the same under the direction of the county judge; besides proof could have been made of the fact otherwise than by said entry. It is doubtful whether the validity of the act of incorporation can be attacked in habeas corpus proceedings.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt, in vacation.

Appeal from habeas corpus proceedings asking release from commitment under a violation of a city ordinance to work the streets; penalty, a fine of $7.50.

The opinion states the case.

*Hopkins & Milliken,* for relator.—On question of greater punish-

ment: Clark v. State, 46 Texas Crim. Rep., 566; Ex parte McHenry, 103 S. W. Rep., 390. On question of invalidity of appeal bond: Guenzel v. State, 47 Texas Crim. Rep., 111, 80 S. W. Rep., 371; Xydias v. State, 45 Texas Crim. Rep., 422, 76 S. W. Rep., 761. On question of invalidity of incorporations: State v. Peterson, 29 S. W. Rep., 415; Ex parte Jackson, 96 S. W. Rep., 924.

*F. J. McCord,* Assistant Attorney-General, and *Chas. Mays,* for the State. On validity of ordinance: State v. Jones, 18 Texas, 874; Ex parte Taylor, 37 S. W. Rep., 422, and cases cited in opinion.

RAMSEY, JUDGE.—The appellant was arrested by virtue of a warrant issued by the mayor of the town of Pilot Point, in Denton County, to the marshal of said town, on a complaint charging him with a violation of an ordinance of said city, requiring all able bodied male inhabitants of said city over the age of twenty-one and under forty-five, to work the streets of said town, or in the alternative to pay one dollar a day to furnish a substitute; and that the said appellant refused to obey a summons to work the street after being duly summoned as provided by the ordinance of said town. He was fined in the mayor's court, and appealed to the County Court of Denton County, where he was again tried and convicted, from which conviction he sued out a writ of habeas corpus and was brought before the county judge, who tried the case and remanded the appellant to the custody of the sheriff of said county. The effect of the county judge's decision being to uphold the validity and legality of the ordinance of said town of Pilot Point; and that the appellant was liable under the ordinance to work the streets. From the decision of said county judge the appellant brings this case before us by appeal.

1. The agreed statement of facts shows that the appellant was subject to work the streets of the city of Pilot Point; that a complaint was filed against him on the 18th day of August, 1908, in the City Court of Pilot Point, wherein he was charged with refusing to attend in person on the 8th day of August, 1908, after having been summoned to appear, and that he failed and refused to appear to work the streets or to pay the sum of one dollar or to furnish a substitute. He was arrested, and convicted in the mayor's court. The contention of the appellant is that the said ordinance is unconstitutional and void, in that the same is in conflict with the State law upon the same subject, and provides a greater penalty for a violation of said ordinance than is provided by the State law upon the same subject. The ordinance introduced on the trial of the habeas corpus provides, that if any person liable to work upon the public streets and alleys within the city of Pilot Point, after being legally summoned, shall fail or refuse to attend, either in person or by able and competent substitute, etc., he shall be deemed guilty of a misdemeanor and upon conviction thereof, fined any sum not exceeding $25. Article

491, White's Penal Code, provides: "If any person liable under the law to work upon the public roads shall wilfully fail or refuse to attend either in person or by substitute, etc., after being legally summoned, he shall be fined in any sum not exceeding ten dollars."

The contention is made that the city can not impose a fine or burden more onerous than the general law. Article 419, Revised Civil Statutes of 1895, under the chapter of cities and towns, gives to said cities and towns the exclusive control and power over the streets, alleys and public grounds and highways of the city, to abate and remove encroachments or obstructions thereon; to open, alter, widen, extend, establish, regulate and improve said streets, and to cause all able bodied male inhabitants, above eighteen years of age, except ministers of the gospel, to work thereon not exceeding five days in any one year, or to furnish a substitute, or a sum of money, etc. And by said article, the city or town is given the power to enforce the same by appropriate ordinances. This article was amended by the act of 1895, and will be found in the Revised Statutes as Article 437a, which reads as follows: "No person in this State under the age of twenty-one years or over the age of forty-five years shall be required to work upon a public road of this State or upon the streets and alleys of any city or town of this State." The amendment simply affects the limitation upon the age of the party liable to work the road.

We are of opinion that the power having been conferred by the Legislature upon cities and towns incorporated, the power to work and improve its streets and alleys, and also conferring upon them the power by appropriate ordinances to enforce the labor of the citizens of said incorporated cities or towns is exclusive, and that the Legislature delegated to the city full power and that the city might impose such penalties as it saw fit without reference to the State law in regard to working the roads, subject to the limitations of punishment as fixed by the jurisdiction of their local courts.

We do not think that the said ordinance is invalid, because it imposes upon the citizens of Pilot Point a more onerous burden than is prescribed by the State laws regulating public highways. In the case of Ex parte Bowen, 34 Texas Crim. Rep., 107, 29 S. W. Rep., 269, this court held that the fact that the city of McKinney required all able bodied male persons over the age of eighteen years to work the street, was not in contravention, nor did it violate any rights granted by the Constitution and laws of the State. The Constitution fixed no limits on the age of persons working on the roads or streets in a city or town. Under the law as it then stood it was provided that all male persons between the ages of eighteen and forty-five should be subject to road duty, while the city of McKinney made all persons liable to road duty, placed no limitation upon the age of the citizen if he was over eighteen years of age. The effect of the Bowen case is to hold that where a city fixes the limit of age different from the State law, that this is not in contravention of the Constitution of the State of

Texas or is more onerous than the law requires. Then if this is true, with regard to the age limit, the reasoning of the Bowen case will apply here, and the fact that the city placed a heavier penalty for violation of a street ordinance which provided for the working of the streets and alleys, than is imposed upon a man subject to road duty under the general State law, is not invalid. This position, however, is further strengthened by the language of the statute itself, which gives to the city the exclusive control and management of its streets and alleys, and gives it power to pass ordinances for its enforcement.

2. The second ground of objection is that the County Court of Denton County never acquired jurisdiction of appellant, because the appeal bond was insufficient in law to confer jurisdiction, in that the same does not comply with the law. We do not think that this is a matter that can be inquired into on a habeas corpus. While the appeal bond confers jurisdiction on the County Court, yet in the absence of any statement in the record of any motion being made to dismiss the appeal or abate the same, it will be presumed that the court had jurisdiction. However, if the appeal bond was defective and the appeal should have been dismissed, this then would leave the judgment in the corporation court in force and effect, and there would be a valid judgment against him in the corporation court, and this is an advantage that the State could have taken in the County Court. It saw fit, however, to waive this objection, and appellant is in no position to complain. We think there is nothing in this contention.

3. The third ground of complaint is that the town of Pilot Point was never incorporated in accordance with law, in that article 586 of the Revised Statutes provides that the county judge shall within twenty days after the receipt of the returns make an entry upon the records of the commissioners court that the inhabitants of the town are incorporated within the boundaries thereof, which shall also be designated in the entry, and a certified copy of such entry shall thereupon be recorded in the proper record of deeds of such county, and the proof in this case shows that the county clerk made the entry on the minutes of the commissioners court and not the county judge; that the county judge simply made out a copy and handed it to the clerk to transcribe; the contention being that this is mandatory and a personal duty of the county judge which could not be delegated, and hence the entry made by the clerk upon the minutes of the commissioners court was without authority, and, therefore, made the act of incorporation invalid. We are of opinion that this does not invalidate the ordinance. A question similar to this was before this court in the case of Gorman v. State, 52 Texas Crim. Rep., 327, 106 S. W. Rep., 384. Gorman was convicted of violating the local option law. Objection was made in the court below to the entry in the commissioners court by the county judge of the fact of publication, and proof was offered to show that the entry was made by the clerk

and not the county judge; that the judge prepared the order and handed it to the clerk, and the clerk transcribed it on the minutes, and the contention was made in the Gorman case that article 3391, Sayles' Civil Statutes, required this entry to be made by the county judge, and that the same was personal and mandatory, and that the failure in that case of the county judge to so make the entry, made the law invalid. The court says, speaking through Presiding Judge Davidson: "If it is sought to use this entry upon the minutes of the court in order to constitute prima facie evidence of the fact of publication, perhaps it would be necessary that the county judge should make the entry, as the language seems to be rather strong and of mandatory nature. In this particular case it seems that the county judge had written out the order and the county clerk had copied it into the minutes at the suggestion or order of the county judge. This perhaps would be sufficient. If the judge had not in person made the entry, or there had been no entry at all, still evidence can be introduced of the publication independent of the entry. It might not constitute prima facie evidence of the fact of publication, but it would be sufficient evidence whether prima facie or not if it were proved otherwise." We hold, therefore, that the entry by the county judge of the election by the citizens of Pilot Point was but record evidence of that fact, yet if the entry had never been made, still we think that proof could have been made of the fact otherwise than by said entry; and that, therefore, it is immaterial whether the entry is made by the county judge or under his direction, and that there is nothing in this contention. Besides, it is doubtful if appellant could attack the validity of the incorporation in this character of proceeding. We hold, therefore, that the appellant is not entitled to be discharged, and that he be remanded to the custody of the sheriff of Denton County, and that the judgment or order of the county judge of Denton County be affirmed, and appellant pay all costs in this behalf expended.

*Relator remanded to custody.*