## Ex Parte E. B. Earp.

No. 21791. Delivered June 26, 1942.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The relator applied for a writ of habeas corpus in the District Court of Somervell County, it being alleged that he was illegally restrained of his liberty. It appears that the relator was charged by complaint in the Corporation Court of the City of Glen Rose with having wilfully failed and refused to work upon the streets in the City of Glen Rose, and with having failed

to provide a substitute. The ordinance of the City of Glen Rose provides that every able-bodied man between the ages of 21 and 45 could be required to work for a period of five days in any one year. On trial in the corporation court appellant was found guilty and fined ten dollars. He appealed to the County Court, where he was again convicted and was fined five dollars. He appealed to the Court of Criminal Appeals and his appeal was dismissed. (149 S. W. (2d) 101). He contends by his application for a writ of habeas corpus that the city ordinance was enacted by the City of Glen Rose without authority and is unconstitutional.

The City of Glen Rose was incorporated in March, 1926, by the adoption of Charter 11, Title 28 of the Revised Civil Statutes of 1925. Under Article 1146 of this chapter and title, the power is granted to cities to require every able-bodied male inhabitant between the ages of 21 and 45 to do work upon the streets. It appears that, acting under such authority, the city passed an ordinance requiring work to be performed on the streets by every able-bodied man between the ages of 21 to 50. This ordinance remained on the books until 1937, when a new ordinance was passed fixing the ages from 21 to 45. The first ordinance, it will be seen, fixed an age beyond that allowed by statute. Prior to the passage of the last ordinance in 1937, which is the ordinance under which this prosecution arose, the City of Glen Rose adopted Title 28, as is allowed by Article 961 of the Revised Civil Statutes. The ordinance of 1937 was passed in order to make the ages comply with the State statute. Under the chapter and title accepted by the City of Glen Rose in 1933, no provision is made for cities within this bracket allowing them to require forced road work from citizens. However, it will be noted that under the provision of Art. 962, Revised Civil Statutes of 1925, any city that accepts the provisions of Title 28 shall retain all powers, rights, immunities, privileges and franchises already possessed under their existing charters and laws; so in this case you have the City of Glen Rose already having the power under the provisions of Article 1146 to require forced road work from its citizens. This power continued by virtue of Article 962 of the Revised Civil Statutes after it had in 1933 accepted the provisions of Title 28 of the Revised Civil Statutes. Where this power is conferred by statute it is held that such a grant of power is constitutional. (Ex parte Bowen, 29 S. W. 269; Ex parte Taylor, 37 S. W. 422.)

It, therefore, appears that the ordinance complained of is a valid ordinance, and it also follows that, inasmuch as the fine assessed was not in excess of $100.00, this court has no jurisdiction to consider the questions involved, further than to determine the validity of the ordinance in question. (Ex parte Tully B. Killam, No. 21,798, (Page 606 of this volume) ; Ex parte Roy C. Beckwith, No. 21,598 (Page 401 of this volume).

The judgment of the trial court is affirmed.