## W. B. WALKER v. THE STATE.

No. 3862.    Decided April 22, 1908.

**1.—Burglary—Continuance—Bill of Exceptions.**

Where upon appeal there was nothing in the record to indicate that an application for continuance was made, or bill of exceptions reserved, except a statement in the motion for new trial that such a motion had been made, the same could not be considered on appeal.

**2.—Same—Age of the Defendant—Reformatory.**

Where upon trial for burglary the evidence showed that the defendant was beyond the age of sixteen years at the time of the trial, the court did not err in failing to instruct in regard to defendant's age, and the option of the jury to send him to the reformatory.

**3.—Same—Confessions—Practice in District Court.**

Where upon trial for burglary the defendant's written confessions were introduced in evidence, he could not raise objection to this testimony for the first time on motion for new trial, but should have interposed his objections at the time the confessions were offered in evidence.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. S. Payne,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary, the punishment assessed being two years confinement in the penitentiary.

Briefly stated the facts show that appellant and Willie Payne, with Mr. Dobbs, were camped near the scene of the alleged burglary. That at night appellant and Payne left their camp and went back along the road to hunt a knife which they claimed one of them had lost. On reaching the barn of Cantrell, the alleged owner, they diverted their attention from hunting the knife to the barn, entered the lot, and, under the State's theory, untied a door or gate that led into a hall-way, and took from the house some bridles, halters, and ropes. They were followed the next day and arrested. They made a written confession which was introduced in evidence. We deem it unnecessary to go further into the facts. There were some questions raised upon error or supposed error of the court in its ruling and charges.

The contention that the court erred in overruling an application for continuance will not be revised in the absence of a continuance from the record as well as want of a bill of exceptions reserved in regard to such ruling. In fact, there is nothing to indicate in the record that an application for continuance was made except a statement to that effect in the motion for a new trial.

In appellant's confession or statement, which was reduced to writing, he makes his age appear at 16 years on the 30th day of January, the burglary having been committed on the 18th of January. The trial occurred in February. He was, therefore, beyond the age of 16 at the time of the trial. The court did not err in failing to instruct the jury in regard to appellant's age and in that connection leaving it to the option or discretion of the jury to send him to the reformatory. Nor can the suggestion of appellant in his motion for a new trial be considered to the effect that the confessions were erroneously admitted. No exception was taken at the time, nor was the matter called to the attention of the court, so far as the record is concerned, until the motion for a new trial was made. In order to have taken advantage of the Act of the Thirtieth Legislature, in regard to confessions, objection should have been interposed at the time the confessions were offered. It is not sufficient for objection to be raised for the first time on motion for a new trial.

There are no bills of exception in the record, and some of the matters suggested will not be revised because they cannot be properly brought before the court except by bills of exception.

The judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.