JAMES WILLIAMS v. THE STATE.

No. 15075. Delivered March 9, 1932.
Rehearing Denied April 13, 1932.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

Appellant pleaded not guilty.

On the night of August 10, 1931, appellant burglarized the home of deceased, Joe West. Deceased and his wife had retired for the night. When appellant came through a window the noise aroused Mrs. West. She called to her husband as appellant was taking deceased's trousers off of the door. Appellant grasped Mrs. West's arm and told her to "shut up." Deceased started to get out of bed and appellant shot him with a pistol. Deceased fell to the floor, mortally wounded. Mrs. West said to

appellant: "Oh, you have killed Joe." Appellant replied: "No, I shot low down." Appellant then told Mrs. West that he wanted some money, and she advised him there was no money on the place. He then tried to push her down on the bed, and, in an effort to scare appellant, she called: "Come here, Mr. Allen." Appellant released her and left the house, telling her not to light a lamp. On the trial the witness identified appellant as her husband's assailant. The arresting officer found deceased's knife in appellant's possession. The state offered in evidence appellant's written confession, wherein he stated, in effect, that he went to the home of deceased for the purpose of committing the offense of burglary. The portions of the confession introduced by the state corroborated Mrs. West's version of the transaction.

Appellant introduced a part of the confession the state failed to offer. We quote: "Then he (deceased) got up and started towards her (Mrs. West) and went back towards the bed; he reached down like he was reaching for his shoes, then he started towards me and said: 'I will kill you, you s— of a b—.'" On the trial of the case appellant gave testimony tending to show that his confession was not voluntarily made, and that he was frightened by the officers when he made the statement. He testified that he went to the home of deceased for the purpose of committing the offense of burglary. However, he said he had been forced to go there by a man who accompanied him to the place, but waited outside of the house. He said this man threatened to kill him if he did not burglarize the house. Further, he testified that after he entered the house, deceased, on being awakened, said to him: "I will kill you, you s— of a b—." He said that when deceased made this remark he was so weak, scared and nervous that the gun went off. He testified that he did not intend to kill deceased and would not have done it for anything in the world. He admitted that he told deceased's wife that he had come there for money."

In rebuttal, the state introduced in evidence appellant's voluntary statement made at the examining trial. This statement was, in substance, the same as the confession, except that appellant stated therein that he went to the home of deceased for the purpose of trying to borrow some money from deceased. Appellant did not state in either his confession or voluntary statement before the examining court that a man had threatened to kill him if he did not burglarize the house.

Appellant interposed no exceptions to the charge of the court. In his motion for a new trial he alleged that the court was in error in omitting affirmative instructions to the jury covering the law of self-defense, the lack of intent to kill, and duress. The issue of self-defense was not raised. Deceased had the legal right to kill appellant to prevent the burglary. Subdivision 8 of article 1222, P. C., provides: "In cases of burglary and theft by night, the homicide is justifiable at any time while the offender is in the building or at the place where the theft is committed, or is within

reach of gunshot from such place or building." By his own conduct, appellant forfeited his right of self-defense. McKee v. State, 118 Texas Crim. Rep., 479, 42 S. W. (2d) 77. Under the facts reflected by this record, it would be a strange doctrine that would accord to the accused the right of self-defense. In any event, under the provisions of Articles 658, 660 and 666, C. C. P., it was incumbent upon appellant, before the charge was read to the jury, to file his written objections thereto, distinctly specifying each ground of objection. The statute expressly provides that all objections to the charge, or to the refusal or modification of special charges shall be made at the time of the trial. Unless the error is fundamental, a compliance with the statute to which reference has been made is necessary before this court is authorized to review alleged faults in the charge of the trial court. In the case of Scott v. State, 114 Texas Crim. Rep., 631, 26 S. W. (2d) 263, in which a death penalty was assessed, the trial court failed to instruct the jury that unless from all the facts and circumstances they believed the accused was prompted and acted with malice aforethought the punishment could not be assessed at more than five years. No exception was taken to the charge because of such omission, and no special charge supplying it was requested. Scott urged in this court that the omission mentioned was fundamental because in chapter 274, Acts 40th Legislature (1927), Regular Session, p. 412, sec. 3a (Vernon's Ann. P. C., art. 1257b), it is provided that in all cases of murder the court shall define malice aforethought, and apply that term by appropriate instructions to the facts, and tell the jury that, unless the killing was upon malice aforethought, the punishment should not be more than five years. In overruling the accused's contention, this court, speaking through Judge Hawkins, said: "To uphold appellant's contention would in effect be to declare that the act of the Legislature just referred to repealed—in so far as they apply to trials for murder—articles 658, 660 and 666 of the C. C. P., which requires objection to the charge to be presented in writing at the time of the trial."

See, also, Arcos v. State, 120 Texas Crim. Rep., 315, 29 S. W. (2d) 395.

In his motion for a new trial appellant alleged for the first time that his confession was improperly admitted. No objection was made at the time the confession was received in evidence, and no bill of exception is brought forward complaining of the matter. It is the general rule that it is too late after verdict to complain for the first time of the admission of a confession. Branch's Annotated Penal Code, sec. 65; Walker v. State, 53 Texas Crim. Rep., 336, 110 S. W., 59.

The judgment is affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the issue of duress was raised by his evidence to the effect that he was forced to commit the offense by another party and that the trial court was in error in not charging upon such issue. As stated in our original opinion no objections to the court's charge were presented and no special charge was requested calling the court's attention to the contention now made by appellant. The point now urged cannot be considered without entirely ignoring the provisions of articles 658, 660 and 666, C. C. P. We are more willing to give application of the articles of the statute mentioned because it appears to be extremely doubtful whether the fantastic story told by appellant raised the issue now contended for. If so, other undisputed evidence in the case practically demonstrates the falsity of any such claim on appellant's part.

Appellant also urges that his confession ought not to have been received in evidence because it was signed by him with his mark and that the state failed to show it had been witnessed by parties other than peace officers as required by article 727, C. C. P. No such objection seems to have been interposed when the confession was offered in evidence. In Walker v. State, 53 Texas Crim. Rep., 337, 110 S. W., 59, this court was construing the very statute which is now article 727, C. C. P.. We quote from said opinion as follows: "In order to have taken advantage of the act of the Thirtieth Legislature (Laws 1907, p. 219, chap. 128), in regard to confessions, objection should have been interposed at the time the confessions were offered. It is not sufficient for objection to be raised for the first time on motion for a new trial."

So far as we are advised the rule there stated has been adhered to. The death penalty being involved, we have been at some pains to investigate the record to ascertain if in fact the confession was lacking in the formalities adverted to. It is signed by five persons as witnesses. Two of them are shown to have been peace officers. Unless we misapprehend the record it shows affirmatively that at least two of the other signing witnesses were not peace officers. A reinvestigation of the record in the light of the motion for rehearing fails to impress us that any error was committed in the disposition of the case originally.

The motion for rehearing is overruled.

*Overruled.*