## J. C. McCAIN v. THE STATE.

No. 20906.   Delivered March 13, 1940.
On State's Motion for Rehearing May 15, 1940.
Appellant's Motion for Rehearing Denied June 26, 1940.

The opinion states the case.

*A. L. Bevil,* of Kountze, for appellant.

*R. M. Briggs,* District Attorney, of Kountze, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the judgment of the District Court of Hardin County convicting appellant of the offense of burglary and assessing his punishment at two years in the penitentiary.

For the conviction in this case the State relies principally on the written confession of the appellant while under arrest. From this confession we quote the following: "I, J. C. McCain, being in the custody of M. D. Jordan, Sheriff, and being duly warned by R. M. Briggs, Dist. Atty., (the person to whom this statement is made), first, that I do not have to make any state-

ment at all, and, second, that any statement I do make must be freely and voluntarily made and may be used in the trial or trials of the offense or offenses concerning which this statement is made, do hereby make the following free and voluntary statement," etc.

It will be noted that this statement does not comply with the statute in that it does not say, as required, that the statement could be used "against him." It merely says that it can be used "in the trial or trials of the offense or offenses concerning which this statement is made"; and so far as the warning is concerned, the appellant might have concluded that it could be used either for or against him. It has been frequently held that the warning must be given in accordance with the statute. Branch's Ann. Texas P. C., Title I, Sec, 61, p. 33. It has been particularly held that where the warning stated that the confession could be used "for or against" the defendant, it is not a sufficient compliance with the statute. McVeigh v. State, 62 S. W. 757; Adams v. State, 86 S. W. 334.

The written confession in this case contains the statement that it may be used in the trial of any case to which the statement pertains but does not limit the use, and it may as well be reasoned in the instant case that the party making it understood that it could be used for him as if he had said "for or against." The statute is specific that one must be warned that the statement could be used against him. In construing this statute, this court has frequently held that such confession, when properly made, may be used against the party making it and not for him. A warning which states that the confession may be used for him having been held to be reversible error, we view the language in the confession before us to be of sufficiently similar effect to justify the application of the same rule.

For the error of the court in admitting the statement, the case is reversed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

This case was heretofore reversed and remanded because of the admission of a written statement purportedly made by the appellant while under arrest, which statement failed to state in the warning portion thereof that same could be used "against him" at the trial, etc. In our original opinion the cases

there cited support by analogy the doctrine that such warning should have contained the omitted phrase. The State in its motion, however, advances the proposition that such an omission is not fundamental, but in the event such a statement is not objected to on the grounds of such an omission, then that objection thereto is waived. The objection to the introduction of his confession offered by appellant's attorney is as follows: "Which testimony was objected to by the defendant, at the time it was offered, for the reason that said statement was not voluntary rendition of the facts speaking through the agency of defendant but was in answer to questions propounded to the defendant by the district attorney, the answers to which questions were recorded in pencil by said district attorney, and then dictated to the stenographer in the verbiage of the district attorney."

It will be observed that nowhere in such objection is there stated that the warning given by the person to whom the statement was made was inadequate, and nowhere therein was it stated that the warning failed to state that same could be used against appellant on his trial.

We think that the correct doctrine is laid down in 4 Texas Jur., p. 59, wherein it is said: "Indeed, in the absence of an objection in the trial court, the appellate court will ordinarily uphold a judgment supported by the evidence even though all the supporting evidence might have been held to be inadmissible on proper objection."

In the case of Williams v. State, 120 Texas Crim. Rep. 484, 48 S. W. (2d) 304, on motion for a rehearing we said: "Appellant also urges that his confession ought not to have been received in evidence because it was signed by him with his mark and that the State failed to show it had been witnessed by parties other than peace officers as required by Article 727, C. C. P. No such objection seems to have been interposed when the confession was offered in evidence. In Walker v. State, 53 Texas Crim. Rep. 337, 110 S. W. 59, this court was construing the very statute which is now Article 727, C. C. P. We quote from said opinion as follows: 'In order to have taken advantage of the act of the Thirtieth Legislature (Laws 1907, p. 219, chap. 128) in regard to confessions, objection should have been interposed at the time the confessions were offered. It is not sufficient for objection to be raised for the first time on motion for a new trial.' "

In the case of Walker v. State, 110 S. W. 59, we find that

Judge Davidson said: "Nor can the suggestion of appellant in his motion for a new trial be considered, to the effect that the confessions were erroneously admitted. No exception was taken at the time, nor was the matter called to the attention of the court, so far as the record is concerned, until the motion for a new trial was made. In order to have taken advantage of the act of the Thirtieth Legislature (Laws 1907, p. 219, c. 128) in regard to confessions, objection should have been interposed at the time the confessions were offered. It is not sufficient for objection to be raised for the first time on motion for a new trial."

In the case of Davis v. State, 270 S. W. 165, Judge Morrow held: "A reversal is sought upon the claimed error of the court in admitting in evidence the confession of the appellant. It appears that appellant while under arrest and in jail was brought in custody of an officer to the grand jury, which was in session, and there admitted the commission of the offense. His testimony was not reduced to writing, but was verbal and proved by the foreman of the grand jury upon the trial of the case. Objection to the testimony was made and a bill of exceptions reserved to its receipt. Qualifying the bill, however, the trial court said in substance that, at the time the testimony was offered in evidence, he was not informed that the confession had been obtained while the appellant was under arrest, and no objection had been urged against it upon that ground, that he did not know that the testimony was of that character. On the motion for new trial, appellant sought to prove and offered witnesses who would have testified that he was under arrest, was taken from the jail to the grand jury, and there made the statement showing his guilt. Under the bill of exceptions taken at the time, as qualified, there was no fact within the knowledge of the court or objection addressed to the bill which would render his action in receiving it erroneous." And again on motion for a rehearing it was said by Judge Lattimore:

"It is so well settled by the decisions of the courts, and with such apparent reason and justice, that one who is on trial may not sit by and permit procedure to take place, and thus take chances upon an acquittal under the facts before the court and in that manner of trial, and then come later, after he has been convicted, and assert that he should have taken other legal steps, or should have made certain exceptions, or should have presented an objection. To hold otherwise than as we have universally held in regard to procedure of this kind would necessarily be an exceedingly dangerous innovation, and would

open the door for interminable contention along these lines. It appears without dispute that this appellant had his day in court; that he and his attorney sat there in the presence of the court and heard the grand jurors testify to the fact that he came before the grand jury apparently voluntarily and said he wanted to make a statement; and that he then admitted his guilt and said that he burglarized the house, and burglarized it by himself. The attention of the trial judge was not called in any way to the fact that at the time such statements were made he was under arrest. How could the court sustain an objection that was not made? How can the trial judge or this court consistently hold that one may indulge in such procedure and then for the first time in the motion for new trial set up the fact that he was under arrest at the time the alleged confession was made?"

We therefore reason that if it is not reversible error to admit a confession palpably subject to objection, but at which no objection is leveled, it necessarily follows that it would not be error to admit a confession at which no proper objection is leveled.

Art. 11, C. C. P., under the amendment of the 42nd Legislature, 1931, reads as follows: "The defendant in a criminal prosecution for any offense, may waive any right secured him by law except the right of a trial by a jury in a felony case when he enters a plea of not guilty." Under this statute we think that an accused can waive any objection that he might have had to the admission of his confession, to either its form or substance, and that a failure to point out such objection to the trial court would constitute such a waiver.

But it is contended that because of the statutory requirements relative to the proper admission of a confession, that such requirements became fundamental, and it is not necessary to offer any objection to a confession that is preceded by an improper warning. An analogous question is found and treated in 4 Texas Jur., p. 62: "* * * and although the Code of Criminal Procedure provides that a husband or wife 'shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other,' the defendant may not introduce his wife as a witness in his behalf and remain silent during her cross-examination, and then secure a reversal in event that any part of the cross-examination impinges on the statutory prohibition." See Willingham v. State, 94 Texas Crim. Rep. 596, 252 S. W. 530.

Again we note that Art. 710, C. C. P. prohibits statutorily any reference by counsel in the cause to the failure of a defendant to testify, nevertheless it has been often held that in order to render such a prohibited allusion to serve as a means of reversal, it was necessary that objection be properly made at the time, and if such is not then made, such objection is waived.

In Art. 727a. C. C. P., wherein any evidence obtained in violation of the laws of this State or of the United States is prohibited from being used, it has been often held that where testimony thus unlawfully obtained, it was necessary for the defendant to offer a proper and timely objection to its introduction before error could be predicated upon the introduction of such testimony. For instance the introduction of the fruits of a search made without a proper search warrant can be waived, and is waived when not objected to by an accused when offered. We held in the late case of Carrizal v. State, 134 S. W. (2d) 287, that: "Upon the trial, the court upon objection of appellant's attorney, held the search warrant insufficient, but admitted all of the evidence discovered as a result of the search on the theory that the officers had permission to make the search. No objection to the admission of such evidence seems to have been interposed, as there is no exception in the record complaining of its admission. If a proper and timely objection had been made to the admission of such testimony and the same had been brought here for review by a proper bill of exception, a most serious question would have been presented. See Balch v. State, 134 Texas Cr. R. 327, 115 S. W. (2d) 676, and authorities there cited. But in the absence of any objection, the matter is not properly before this Court for review. See Fisher v. State, 108 Texas Cr. R. 332, 1 S. W. (2d) 301."

In the above quoted case of Fisher v. State, 1 S. W. (2d) 301, 108 Texas Cr. R. 332, we held: "It is the function of this Court to determine whether, in receiving the evidence over the objection made, the trial court was in error, and unless the evidence is obviously inadmissible for any purpose, the bill complaining of its receipt must state the ground of objection. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exceptions is imperative. This is statutory. See Article 667, C. C. P. 1925; Hays v. State, 94 Texas Cr. R. 498, 252 S. W. 521; Davis v. State, 96 Texas Cr. R. 447, 258 S. W. 188; Belcher v. State, 96 Texas Cr. R. 561, 258 S. W. 815; Welk v. State, 96 Texas Cr. R. 653, 260 S. W. 1118. The bill should show the ruling

complained of, the objection made, and that error was committed. See Wear v. State, (Texas Cr. App.) 283 S. W. 811; Murff v. State, 103 Texas Cr. R. 617, 281 S. W. 1076; and other cases collated in Vernon's Texas C. C. P., 1925, vol. 2, art. 667, note 3. When the error complained of is that the search was made without a valid warrant, the bill of exceptions is incomplete when it fails to set out the warrant in substance or in detail. See Cornelius on Search and Seizure, Sec. 247, p. 465; Henderson v. State, 1 S. W. (2d) 300, not yet (officially) reported. The objection to the evidence may be waived, and is waived, unless proper objection is made or timely motion to exclude is presented, and proper bill of exceptions preserved exhibiting the ruling and the complaint thereof."

We also held in the case of Murry v. State, 122 S. W. (2d) 1119, that: "The admission of appellant's confession, made while he was under arrest, though not reduced to writing as required by Art. 727, C. C. P., is not a ground for reversal where no objection was made thereto at the time of its introduction and no affirmative defensive theory was interposed. See Davis v. State, 99 Texas Cr. R. 477, 270 S. W. 165. This court has consistently held that evidence which is admitted without objection is not a predicate for reversal on the part of an accused, where no motion was made to exclude it. See Wilson v. State, 120 Texas Cr. R. 293, 48 S. W. (2d) 282."

It will be seen from the quotation in the last above quoted case that the confession introduced was not in writing, and was made while the accused was under arrest. Nevertheless, no objection having been made, its improper introduction was held not to be fundamental, and in effect that any defect in its introduction was waived. To hold otherwise we think would create an endless confusion, and cause the trial court to be constituted not only court but advocate for the accused to see that all proper objections were made in behalf of the defendant and thus usurp the province of the defense attorney.

It is but fair to say, however, that the matters upon which this motion is based were not presented to us at the time of the original hearing herein, but were presented on motion for a rehearing by the State in a comprehensive brief filed and argued, which views and citations have been of assistance to us.

It is also contended that want of consent of the owner of the alleged burglarized building was not shown. We think want of consent is shown by the following statement in appellant's confession: "No one gave either of us permission to

enter either of these buildings or to take any property from either of them. This all happened in Hardin County, Texas."

It has been held in McGinty v. State, 116 S. W. (2d) 713, that the confession alone, when a burglary is proven, is sufficient to show defendant's connection with the offense and support the conviction.

In our opinion we were in error when we reversed this cause on account of the defect in the warning as set forth in the statement of the defendant, and the State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's contention is that there is no evidence in the record outside of the confession to show that any burglary was committed, and therefore, that the conviction should be set aside because there is no evidence to corroborate the confession; and that the jury should have been instructed as to the necessity for such corroboration.

We are not able to agree with appellant that the record is bare of evidence of a burglary save as found in the confession. The house alleged to have been burglarized belonged to E. C. Pope. He was dead at the time of the trial. His want of consent and the burglary could be proven by circumstantial evidence. A son of Mr. Pope testified that the store building in which his father conducted a mercantile business—"* * * was broken into by some one. Entrance was gained into the store by putting some instrument between the lock and prising the door open. It was the front door. It was a double door. There was evidence to show the manner in which they forced the door. You could see where the iron had been put in there, or something, to prize the door open—the wood was bent— mashed the wood. I locked up and closed up every night and opened up every morning. I closed the store the night before. On the next morning when I went to the store the lock was closed, but the door was opened. That is, the bolt was run out where you couldn't shut the door. The door was open. It had been prised back to release the latch on it."

In our opinion the evidence quoted is sufficient to show

a burglarious entry into the building, independent of the confession.

The motion for rehearing is overruled.