**Kerrie Don SEMAIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62635.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 22, 1980.

Rehearing Denied March 4, 1981.

---

Randy Schaffer, Houston, court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Michael Kuhn and W. F. Roberts, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

This murder case presents the question of whether a suspect is justified in defending himself against the use of force which he reasonably believes is unlawful, but which actually is lawful. If the answer is Yes, which we hold that it is, then this appellant was entitled to have a jury decide whether his belief was reasonable.

The appellant has been found guilty of murdering his wife and has been assessed a punishment of eight years' confinement. The trial court refused the appellant's requested instruction on the law of self-defense. The State argues that there was no evidence which raised the justification of self-defense because, "any force perceived by Appellant was lawful under Section 9.32 of the Texas Penal Code." But it is not conclusive that the deceased's use of force, which the appellant "perceived," was in fact lawful; the question is whether the appellant reasonably believed it was unlawful.

V.T.C.A., Penal Code, Section 9.31(a) reads:

"Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use of attempted use of unlawful force."

In turn, V.T.C.A., Penal Code, Section 9.32 reads:

"A person is justified in using deadly force against another:

"(1) if he would be justified in using force against the other under Section 9.31 of this code;

"(2) if a reasonable person in the actor's situation would not have retreated; and

"(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to protect himself against the other's use or attempted use of unlawful deadly force; ...."

■ The term "reasonably believes" encompasses the traditional holding that a suspect is justified in defending against danger as he reasonably apprehends it. *Valentine v. State*, 587 S.W.2d 399 (Tex.Cr. App.1979). This includes reasonable belief that the other's use of force was unlawful, as well as reasonable belief that defensive force is immediately necessary, that the other's force is deadly, etc.

■ We are bolstered in our holding by the drafters of the Model Penal Code, Section 3.04 of which is similar to our code in that it creates a justification "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." The Comment to Section 3.04 in Tentative Draft No. 8 at 18 (1956) was that, "The draft does not require that the force against which the actor defends himself *be* unlawful; it is enough that he believes it to be *so*." *Accord*, W. La Fave & A. Scott, *Handbook on Criminal Law* 392 (1972). *Cf. Restatement (Second) of Torts*, Section 63, Comment h (1965) (civil rule).

■ Therefore the question is not whether there was any evidence that the deceased's attempted use of force *was* unlawful; the appellant was entitled to an instruction on the law of self-defense if there was any evidence that he reasonably believed that the deceased's attempted use of force was unlawful. It must be remembered that, as we stated in *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Cr.App.1978) (citations omitted):

"A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge."

According to the appellant, his marriage of less than four years had been troubled; the spouses seemed to have been separated from each other at least as much as they lived together. During previous periods of separation, they had exchanged items of property (as when one might have been left with an item of property that belonged to the other). During the last separation the appellant had made several appointments to meet his wife, but she had failed to appear. On the day in question, at 2:00 a. m., the wife called the appellant; she told him that she didn't want to have anything to do with

him anymore, that he should bring her jacket to exchange for some of his jewelry which she had, and that if he did not bring the jacket "[h]e and her man friend was going to bump heads." In the past the appellant had been stabbed by one of his wife's "man friends," and another had threatened him with a shotgun.

Around 9:00 a. m. the appellant took the jacket to his wife's sister's apartment, where his wife was staying. He asked his wife to talk with him and "settle," but she refused to open the door. She told the appellant to leave the jacket with her sister in the manager's office. She said that she would not give him his jewelry, and that if he didn't get away from the door in the next few minutes she would start shooting through the door. Without stopping to think, he "busted the door open" and stumbled into the apartment. The appellant testified that he intended "to try to stop her from hurting" him; at another point, he testified that he did not know why he entered. At any rate, he had no intention of harming his wife or of using his gun. Stumbling, he "glanced" at his wife and saw her raise her hands. He thought she was going to shoot him. Still stumbling, he reached to his side, pulled out his revolver, and started shooting without aiming. Two bullets struck his wife, who ran to the bedroom. The appellant tried to calm his wife. Then he left to get help. He flagged down a police car.

■ We cannot say, as the State would have us, that any attempted use of force by the wife would have been lawful as a matter of law. That would depend on her reasonable beliefs about the necessity to defend herself or her property, just as the appellant's claim to self-defense depends on his reasonable beliefs. Those questions were for the jury, and the trial court erred in refusing to instruct the jury on the law of self-defense.

■ We cannot accept the State's other argument that the evidence showed conclusively that the appellant provoked the wife's attempted use of force. "The use of force against another is not justified . . . if the actor provoked the other's use or attempted use of unlawful force . . . ." V.T. C.A., Penal Code, Section 9.31(b)(4) (in pertinent part). "One who provokes a difficulty, *intending then to injure his opponent when the latter responds to the provocation,* is not justified in using force against his opponent when the latter responds. This is the common law, long recognized in Texas, and it is codified in Subsection (b)(4) . . . ." State Bar of Texas, *Texas Penal Code: A Proposed Revision* 89 (Final Draft 1970) (identical to S. Searcy & R. Patterson, "Practice Commentary," 1 *Vernon's Texas Codes Annotated: Penal Code* 266 (1974)) (emphasis supplied). *Accord, Texas Annotated Penal Statutes with Forms* 326 (Branch's 3d ed. 1974). The former law, *see generally* 29 *Tex.Jur.2d*—Homicide, Section 43 (1961), was not changed by the new statute. Inasmuch as the appellant expressly denied any intent to harm his wife when he broke into the apartment, the evidence created only a question for the jury on provocation.

"We are of the opinion that appellant's testimony raised the issue of self-defense and that the trial court erred in overruling appellant's objection to the charge. We reiterate that the truth of appellant's testimony is not at issue here and we express no opinion on who was telling the truth. The issue is whether the jury should have been instructed to decide those facts under the law on self-defense. We hold the trial court erred in refusing to charge the jury on the law of self-defense."

*Rodriquez v. State,* 544 S.W.2d 382, 384 (Tex.Cr.App.1976).

The judgment is reversed and the cause is remanded.

DOUGLAS, Judge, dissenting.

Semaire unlawfully broke into the apartment where he had no right to be and killed his wife. The majority reverses the conviction because no charge on self-defense was submitted to the jury.

Semaire was charged with murdering his wife. His voluntary confession was introduced. In it he stated that he had gone to his estranged wife's apartment to exchange her coat for some of his jewelry. The apartment was leased to the deceased; Semaire had no interest in it. When he knocked on her door, the deceased told him to leave the coat at the apartment complex office. When he told her that the matter should be settled as adults, she replied that if he did not leave she would start shooting. Appellant then broke the door down with his shoulder and entered the apartment, stumbling in the process, and as he entered, he saw her raise her hands and he started shooting. He testified at trial he thought his wife was about to shoot him when he saw her raise her hands.

V.T.C.A., Penal Code, Section 9.32, sets forth the necessary requirements for self-defense:

"A person is justified in using deadly force against another:

"(1) if he would be justified in using force against the other under Section 9.31 of this code;

"(2) if a reasonable person in the actor's situation would not have retreated; and

"(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to protect himself against the other's use or attempted use of unlawful deadly force; or

"(B) to prevent the other's imminent commission of aggravated kidnapping, murder, rape, aggravated rape, robbery, or aggravated robbery."

According to the confession, when the deceased threatened to kill Semaire, he was in no immediate danger. He was given the alternative of leaving. By his own testimony, he chose to break the door down and force his way into the apartment where he had no right to be. It cannot be said that a reasonable person would not retreat under those circumstances. The evidence did not raise the issue of self-defense. This contention should be overruled, and the judgment should be affirmed.

Before the court en banc.

## DISSENTING OPINION TO OVERRULING STATE'S MOTION FOR REHEARING WITHOUT WRITTEN OPINION

McCORMICK, Judge.

This is an appeal from a conviction for murder. The jury, finding appellant guilty, assessed punishment at eight years.

On original submission, a panel, with one Judge dissenting, found the trial court erred in refusing appellant's requested instruction on self-defense. The State has filed a motion for rehearing urging that appellant was not entitled to a reversal because, under the circumstances, appellant forfeited his right to rely on self-defense. Without reiterating the basis of the panel's opinion, the State's motion should be granted and the judgment affirmed.

### I.

V.T.C.A., Penal Code, Section 9.32, reads:

"A person is justified in using deadly force against another:

" * * *

(2) if a reasonable person in the actor's situation would not have retreated;
. . ."

The instruction on the law of retreat is normally given to the jury with the instruction on self-defense. *Thomas v. State*, 578 S.W.2d 691 (Tex.Cr.App.1979). The jury must find that a reasonable person would not have retreated under the circumstances. This, of course, is a modification of the law as it existed previous to the new penal code. See *Valentine v. State*, 587 S.W.2d 399 (Tex.Cr.App.1979).

However, the issue of retreat, under these facts, was, as a matter of law, removed. V.T.C.A., Penal Code, Section 9.32(2). It is inconceivable how a person could forcibly "bust" down a door, wrongfully enter another's home, use deadly force, fatally shoot someone in the back, and then claim that a reasonable person

would not have retreated under these circumstances. Indeed, the law has always been that one who wrongfully enters another's home must retreat before using deadly force. See and compare *Edmonson v. State*, 384 S.W.2d 702 (Tex.Cr.App.1964).

Appellant failed to meet the mandate of Section 9.32(2) prior to the use of deadly force. All three requirements of Section 9.32 must be met before deadly force is justified. Since the self-defense issue was removed, the requested charge was properly refused.

## II.

Moreover, V.T.C.A., Penal Code, Section 9.31(b)(4), reads:

"(b) the use of force against another is not justified:

" * * *

"(4) If the actor provoked the other's use or attempted use of unlawful force, . . ."

The underlying rationale, of course, is that a person may not take advantage of a necessity he has brought upon himself.[1] This basically was the prior law before it was brought forward and codified in Section 9.31(b)(4). See Practice Commentary, Sections 9.31, 9.32, supra. As was the practice under the prior law, the proper approach, when the issue of imperfect self-defense is raised, is to give an instruction on self-defense, but also to give limiting instructions on the issue. *Muckleroy v. State*, 165 Tex.Cr.R. 629, 310 S.W.2d 315 (Tex.Cr. App.1957). This limiting and independent instruction is commonly referred to as the "provocation" instruction. Essentially, the jury is instructed that if they find the defendant provoked the difficulty in order to have a pretext to kill or injure the victim, then the defendant forfeits his right of self-defense. See, e. g., *McClung*, Jury Charges for Criminal Cases (1979 ed.).

At this point, I differ with the panel's decision. Appellant's reasonable belief that deceased's use of force was *unlawful* is not the controlling issue. Appellant's right to

self-defense must necessarily arise upon the imperfect self-defense claim, not upon his reasonable belief that the force was unlawful.

## III.

At first glance, the facts of this case seem to indicate that appellant has the right to the self-defense issue with a limiting "provocation" instruction. See V.T. C.A., Penal Code, Section 9.31(b)(4). However, the historical basis for self-defense and the provocation issue reveals that the circumstances do not warrant their inclusion under these facts.

Under the prior penal code, Article 1222, V.A.P.C., if a defendant was engaged in committing one of the felonies listed which justified killing to prevent the enumerated felonies, the defendant had no self-defense justification against the victim of the felony. Since self-defense was never in issue, instructions on self-defense or imperfect self-defense were not submitted to the jury. See, e. g., *Williams v. State*, 120 Tex.Cr.R. 484, 48 S.W.2d 304 (Tex.Cr.App.1932) (burglary); *Cline v. State*, 150 Tex.Cr.R. 586, 204 S.W.2d 512 (Tex.Cr.App.1947) (theft by night).

Of course, Article 1222 has been basically preserved in V.T.C.A., Penal Code, Section 9.42. This section justifies deadly force to protect one's own or a third person's property under certain circumstances. In particular, Section 9.42(2)(A) reads:

A person is justified in using deadly force against another to protect land or tangible, movable property:

" * * *

"(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; . . ."

We can find no persuasive argument to abandon the wisdom and logic that existed

---

1. Commonly referred to as "imperfect self-defense."

prior to the adoption of the present penal code. Indeed, this logic has been recently reaffirmed in *Davis v. State,* 597 S.W.2d 358, 360 (Tex.Cr.App.1980), quoting *Dickson v. State,* 436 S.W.2d 20 (Tex.Cr.App.1971), where this Court wrote:

> " '... The robber has no right of self-defense against the owner of the property sought to be taken if the owner would be justified in killing to recover the property or to prevent the offense. [Citations omitted]'." [2]

See also, 1 Branch's Tex.Ann.Penal Statutes, Section 9.42 (3rd ed. 1974) (see explanatory comment).

It is, therefore, incumbent upon us to review the facts of the case before us to determine if appellant forfeited his right to self-defense. Appellant, armed with a handgun, went to the home of his estranged wife to exchange his wife's coat for some jewelry. However, his wife, the deceased, refused to open the door. She suggested appellant leave the coat at the apartment manager's office, and that, if he did not, she would not return his jewelry. When appellant would not leave, the deceased warned him to leave or she would start shooting through the door. Appellant had a clear option to leave, but chose to "bust" down the door. Appellant testified that as he stumbled into the apartment he glanced toward the deceased and thought that she was about to shoot him. He drew his pistol and shot her twice—the fatal shot entering the deceased's back.

Contrary to the panel decision, even if appellant reasonably believed that the deceased was using *unlawful* force, the self-defense issue is not available. Appellant, without the effective consent of the owner, forcibly entered a habitation, with the intent to commit a felony. V.T.C.A., Penal Code, Section 30.02(a)(1). The facts, demonstrating appellant's burglary, forfeited his right of self-defense under Section 9.42. See, *Williams v. State, supra.*

---

2. Robbery was specifically enumerated under old Article 1222, supra, as well as present penal code Section 9.42, supra.

I dissent to the failure to grant the State's motion for rehearing.

ODOM, DALLY and W. C. DAVIS, JJ., join in this dissent.