**James Julian DYSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–164–CR.**

Court of Appeals of Texas,
Fort Worth.

July 6, 1983.
Rehearing Denied July 27, 1983.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty. by Donald G. Davis, Dallas, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

OPINION

JORDAN, Justice.

This is an appeal from a jury verdict whereby appellant was convicted of the offense of attempted voluntary manslaughter. Punishment was set at 10 years confinement in the Texas Department of Corrections.

We affirm.

The indictment in this case alleged that appellant attempted to cause the death of Dallas Police Officer L.T. Wall by shooting at Officer Wall with a handgun. At trial, the evidence showed that Officer Wall answered a domestic disturbance call at appellant's address. Officer Wall testified that he was greeted at appellant's front door with gunfire, and that appellant, before surrendering to police officers, was seen brandishing a pistol at the doorway. Appellant, who testified on his own behalf, admitted that he was the one who fired the shots at Officer Wall who, fortunately, came out of the incident unharmed. Appellant testified that he fired the shots in self-defense, and brings this appeal on a single ground of error alleging that the court erred in refusing to instruct the jury on the law of self-defense.

The evidence adduced at trial shows that the charges against appellant stem from a useless and unnecessary display of reckless and violent conduct by appellant. The call answered by Officer Wall concerned an argument between appellant and appellant's brother, Cal Dyson. The argument began outside the home of appellant's grandparents. The grandparents' home was a short walking distance from appellant's own home which he shared with his father and his brother Cal. Appellant, testifying on his own behalf, stated that he had walked to his grandparents' house to borrow money from his grandfather so that he might repair a pickup truck which he, appellant, used to commute to and from work. While appellant stood outside the grandparents' home with his grandmother, Cal Dyson drove up in an automobile. The witnesses to the ensuing events, including appellant himself, testified that appellant became enraged with Cal and challenged him to a fight. Cal, who had done nothing overt to provoke appellant's anger, ignored his brother's taunts and enticements to engage in a fight. Appellant could not explain his own conduct at this time except by his testimony that he was upset and angry about his broken down pickup truck, was resentful of his brother and was unhappy about what he perceived to be Cal's cavalier attitude toward the truck which was in need of repair.

Frustrated by Cal's refusal to fight, appellant testified that he walked back home, obtained a pistol, and then walked back toward his grandmother and brother, firing the pistol into the air and also aiming it at Cal. Cal and his grandmother retreated to the relative safety of the nearby house. Appellant continued to stand outside, firing the weapon and demanding that Cal come out of the house and fight him. When Cal, who testified at trial that he was baffled by appellant's conduct, declined once again to take his brother on in a fight, appellant returned to his house and there took out his frustration and anger on his father. Before the police, summoned by appellant's frightened grandmother, arrived at the house, appellant admittedly hit his father on the back of the head and on the jaw and scratched his father's arm. It was after the police officers finally arrived that appellant fired gunshots at Officer Wall. These gunshots resulted in the indictment upon which appellant was tried and convicted.

In support of his contention that the court erred in failing to grant his requested charge on self-defense, appellant points to testimony given at trial which he argues could have supported a jury finding that the shots fired at Officer Wall were fired in self-defense. Appellant notes that although Officer Wall testified that the po-

lice identified themselves as such vocally at the front door of the house, appellant testified that he heard no such identifying voices. He also testified that he fired not at what he thought was a police officer, but instead at a shadowy figure which he believed to be his brother Cal. Appellant argues that he was justified in believing that the "figure" in front of the house was Cal because he had been in a heated argument with Cal and because Cal had access to a gun at his grandparents' house and would therefore be dangerous. We disagree and hold that even if appellant's testimony were to be taken as true, no right to an instruction on self-defense arises therefrom. We note that even if the shadowy figure in front of the door had been Cal, the shooting of Cal by appellant would not be considered self-defense, in that any aggression against appellant on Cal's part would have been the result of appellant's provocation. A defendant is not entitled to a self-defense charge in such a situation since resistance to an attack is not self-defense if the attack is provoked. *See* V.T.C.A. Penal Code, § 9.31. Also *Semaire v. State,* 612 S.W.2d 528 (Tex.Cr.App.1981). We find that in a situation like this one, sufficient provocation has arisen to inhibit the use of the self-defense statute.

■ We would also overrule appellant's argument on the grounds that appellant failed to adequately show that appellant could have reasonably believed that the shadowy figure in front of the house was a danger or threat to him which would justify the use of deadly force. Appellant admits that he did not know with any certainty who he was attempting to shoot when he leveled the blasts at the door. Although he argues that he and Cal had been in an argument and that Cal had access to a gun, the evidence is uncontroverted that Cal was an unwilling party to the unpleasantries which unfolded that day. There was absolutely no evidence to prove that Cal was the least bit interested in fighting with appellant on that afternoon or that the two had ever engaged in violent disputes in the past which went beyond what might be considered natural in the case of two brothers growing up together. Appellant is not entitled to defend against dangers which he could not reasonably apprehend. *Valentine v. State,* 587 S.W.2d 399 (Tex.Cr.App.1979). In light of the circumstances detailed above, we overrule his ground of error for this additional reason.

■ Finally, we are unconvinced that appellant was justified in using the right of self-defense because of his failure to retreat from what he claimed to perceive to be a dangerous situation. V.T.C.A. Penal Code, § 9.32 requires that a defendant retreat before using deadly force if a reasonable person in the defendant's situation would do so. As the State notes in its brief, the evidence showed that although appellant testified that he thought a dangerous situation confronted him at his front door in the form of his brother Cal, the uncontroverted evidence is that appellant had a clear and unbridled avenue to escape by way of a back door to the house to which appellant had easy access.

For all of the reasons stated above, we overrule appellant's ground of error and order that the judgment be affirmed.