Opinion issued September
30, 2010



In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00110-CR

____________

 








NINA MARIE SINGLETON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1081882

 

 

MEMORANDUM
OPINION








Appellant, Nina Marie Singleton,
appeals her conviction for the murder of Donnie Davis, her fiancé.  See Tex.
Penal Code Ann. § 19.02 (Vernon 2003). 
A jury found her guilty and assessed punishment at 35 years in prison.

 

 

Background








          Betty
Gray lived in an apartment in the same complex as appellant.  Around noon on August 24, 2006, Gray heard
appellant state loudly that she was going to kill the complainant when he got
home because he was cheating on her.  

          Later
that day, Brandon Brooks was standing in the parking lot of the apartment
complex when appellant called him to her apartment.  When he got to the apartment, he saw the
complainant slumped over on the couch and bleeding.  The complainant was still alive and
mumbling.  Brooks also saw appellant
holding two knives in her hand and one knife was bloody.  He testified that when he tried to call 911
using his cell phone, she snatched the phone and said, “I’m going to lose my
apartment.”  While Brooks tried to help
the complainant out to the porch, appellant was not helping the complainant but
was instead moving around inside the house. 
Brooks saw appellant toss the knife somewhere outside the
apartment.  Later that night, he
retrieved the knife from the bushes by holding it with a shirt and gave it to
someone to give to a police officer. 
Another neighbor tried to help the complainant by calling 911 and
following the operator’s instructions. 
During that time, appellant was inside the apartment scrubbing the
floor.

          When
the police officers arrived, appellant walked away from her apartment.  She gave them a false last name and false
date of birth.  She told an officer she
had a bruise on her wrist and an injury on her head, but he did not see
anything.  Appellant claimed she received
the injuries from fighting the complainant. 
An officer did notice a red mark on appellant’s wrist and, pursuant to
department policy, he called an ambulance to examine her.  Because there was an overturned lamp and end
table with a broken leg in the living room, a police officer’s report contains
notations that there were possible signs of a struggle in the apartment that appellant
and complainant shared.

          The
medical examiner testified that complainant’s cause of death was homicide
caused by a serrated knife that entered his heart.  There were no bruises or scratches on his
hands or palms and he had no other injuries. 
He had a blood alcohol level of 0.20 and cocaine metabolite in his
system at the time of his death.  

Appellant did not introduce any
evidence in the guilt-innocence phase of trial. 
Appellant requested a “self-defense” charge, which the trial court
denied.  During the sentencing phase of
trial, appellant testified that she stabbed appellant after he struck her in
the face, came towards her in a threatening manner, and threatened to kill
her.  The jury found against appellant on
the punishment special issue concerning “sudden passion.”

 

 

Refusal of Deadly Force Instruction

          In her sole point of error on appeal,
appellant contends the trial court erred in refusing to submit an instruction
to the jury on self defense by means of deadly force.  In her brief, appellant asserts that she was
entitled to the defensive instruction because the complainant was a 227-pound
man with no apparent physical limitations, was intoxicated at a level
approaching 3 times the legal limit for alcohol, and had cocaine in his
system.  She contends that she needed to
defend herself against his hands, which were deadly weapons, as evidenced by
the physical marks on her body that she received from the complainant that
required her to go to the hospital.  She
points out that she stabbed the complainant only once while she was inside an
apartment that was upstairs.

A defendant is justified in using
deadly force against another, if a reasonable person in the actor’s situation
would not have retreated, and when and to the degree he reasonably believes the
deadly force is immediately necessary to protect himself against the other’s use
or attempted use of unlawful deadly force. 
Tex. Penal Code Ann. §
9.32 (Vernon 2003).  A defendant “is
justified in defending against danger as he reasonably apprehends it” as viewed
in light of the evidence of the overt acts and words by the complainant, and
there is no additional requirement that the jury find that the complainant was
actually using or attempting to use unlawful deadly force against appellant.  Guilbeau v. State, 193 S.W.3d 156, 160
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); see Semaire v. State,
612 S.W.2d 528, 530 (Tex. Crim. App. 1980); Lavern v. State, 48 S.W.3d
356, 361 (Tex. App.—Houston [14 Dist.] 2001, pet. ref’d); Halbert v. State,
881 S.W.2d 121, 125 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).

          Viewing
the evidence in a light favorable to appellant, there is no evidence that
appellant reasonably believed that the complainant would cause appellant
serious bodily injury.  The evidence
shows that the complainant may have used non-deadly force against appellant by
causing a red mark to her wrist and struggling with her.  Although she presented evidence that hands
can be deadly weapons depending on how they are used, appellant did not testify
or present any evidence that, as used by the complainant, his hands were deadly
weapons.  Cf. Semaire, 612
S.W.2d at 530 (holding error not to instruct on deadly force in self-defense
when evidence showed complainant threatened to shoot through door if he did not
leave her door; Semaire busted door open and stumbled into apartment; Semaire
thought she was going to shoot him when he saw her raise her hands; and there
was fact question whether Semaire provoked complainant’s attempted use of
force); Guilbeau, 193 S.W.3d at 160–61 (holding trial court erred by
failing to instruct on deadly force in self-defense when evidence showed
complainant threatened to give Guilbeau “the beating of a lifetime,” Guilbeau
felt shooting “was the only thing [he] could do at that time to save
[himself],” and there was not enough time to retreat because complainant came
at him “fast”).

          In
other cases where we have reversed for failure to give the deadly force
instruction, there was evidence that the appellant feared for his life and that
the complainant was threatening to kill the appellant.  See
Halbert, 881 S.W.2d at 127 (holding trial court erred by failing to
instruct on self-defense with deadly force when evidence showed complainant
physically assaulted Halbert in past, Halbert feared for her life, complainant
weighed more than Halbert, and complainant came towards Halbert while
threatening to kill Halbert).  That
evidence is absent here.  Appellant did
not testify at the guilt stage of trial, and no evidence was admitted to show
that she feared for her life or that she reasonably believed appellant would use
deadly force against her.

We hold that the trial court properly
refused to charge the jury on the law concerning deadly force in defense of
one’s person because appellant presented no evidence to establish the
defense.  

 

 

 

Conclusion

          We
affirm the judgment of the trial court.  

          

 

 

 

                                                          Elsa
Alcala

                                                          Justice

 

Panel consists of Justices Jennings, Alcala, and
Sharp.

 

Do not publish.  Tex.
R. App. P. 47.2(b).