

# NUMBER 13-16-00147-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RODRIGO EUGENIO REYES,                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Rodrigo Eugenio Reyes appeals his conviction for capital murder. *See* TEX. PENAL CODE ANN. § 19.03 (West, Westlaw through 2017 1st C.S.). A jury found appellant guilty, and the trial court assessed a mandatory punishment of life imprisonment without possibility of parole in the Texas Department of Criminal Justice–Institutional

Division.  *See id.* § 12.31 (West, Westlaw through 2017 1st C.S.).   By one issue, appellant argues the trial court erred in denying appellant's request to include a self-defense instruction in the jury charge.   We affirm.

## I.  BACKGROUND[1]

Appellant was charged by indictment with capital murder for intentionally causing the death of Ernesto Avitia by shooting Avitia with a firearm "in the course of committing or attempting to commit the offense of burglary of a habitation[.]"   *See id.* § 19.03.

Amy Blanco, appellant's girlfriend, testified that she travelled to Pharr, Texas from her home in Houston to spend the weekend with appellant.   On Sunday night, appellant and Blanco picked up Avitia from his home, and the three went to a nearby bar to have drinks.   According to Blanco, Avitia tried to hold her hand while appellant was in the restroom.   Blanco informed appellant about the incident.   The trio later left the bar and drove to Avitia's house.   When they arrived, appellant and Avitia exited the vehicle and went inside.   After some time passed, appellant returned to the car.   Blanco recalled that appellant was angry, but he would not tell her what happened.   The couple then drove back to appellant's house.   Once there, Blanco went inside while appellant remained in the car.   When Blanco later went to check on appellant, she noticed he had left in her vehicle.   Blanco subsequently learned that appellant returned to Avitia's house, where a violent episode occurred.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

Appellant gave a statement to law enforcement in which he claimed that he confronted Avitia when he dropped him off at his home because Avitia "had tried to hit on his girlfriend." This resulted in a physical confrontation between the two. Appellant said that Avitia "banged his head against the floor a few times[.]" Appellant explained that he "lost the fight[,]" which made him "very upset." Appellant then left with Blanco and dropped her off at his home. According to appellant, he drove back to Avitia's house and "broke the door down[.]" Appellant claimed Avitia had a firearm and shot him in the wrist.[2] After a struggle, appellant was able to "get a hold of the gun." Appellant shot Avitia in the leg and then fired at Avitia several more times. Appellant said he "messed up" because he "went back to the house and broke down the door."

Ricardo Garcia, a Pharr Police Department officer, testified that he responded to a report of gunshots in the area. A neighbor directed Officer Garcia to Avitia's house. Officer Garcia saw that the front door was open and approached the residence with another officer. Officer Garcia discovered blood by the entrance and inside the house. He then observed Avitia's body on the floor in the front room with a large pool of blood under his head. Officer Garcia noted damage to the frame of the front door. He also observed that the couches in the front room had been "moved around." Officer Garcia believed that somebody had broken into the house and engaged in a physical confrontation with Avitia.

---

[2] The State disputed appellant's version of events at trial and maintained that it was appellant who brought the firearm to Avitia's residence. However, in determining whether a self-defense instruction was raised by the evidence, we must view the evidence in the light most favorable to the defendant. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).

Jose Rodriguez, a crime scene technician with the Pharr Police Department, testified that he arrived at Avitia's residence to collect evidence and photograph the crime scene. He observed that the front door's dead bolt was activated and its frame was broken. He believed that someone kicked in the door from the outside. Rodriguez noted that the ground was disturbed outside the front of the home. Inside, he saw that the couches in the front room appeared to be out of position. Rodriguez recovered several bullets and shell casings, but he was unable to locate a gun in the home. Video and photographs of the crime scene were admitted into evidence and published to the jury.

Following the close of evidence, the trial court denied appellant's request to include a self-defense instruction in the jury charge. The jury returned a guilty verdict. This appeal followed.

## II. SELF-DEFENSE INSTRUCTION

The trial court is required to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence. *Id.* §§ 2.03(d), 2.04(d) (West, Westlaw through 2017 1st C.S.); *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). "A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). However, if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. *Id.*

4

The question of whether a defense is raised by the evidence is a sufficiency issue, reviewable on appeal as a question of law. *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

Under section 9.31 of the Texas Penal Code, a person may justifiably use force against another when he reasonably believes that the force is immediately necessary to protect himself from the other person's use or attempted use of unlawful force. TEX. PENAL CODE ANN. § 9.31(a) (West, Westlaw through 2017 1st C.S). A person is justified in using deadly force if he would be justified in using force under section 9.31, and he reasonably believes that deadly force is immediately necessary to protect himself against another's use or attempted use of unlawful deadly force. *Id.* § 9.32(a) (West, Westlaw through 2017 1st C.S.).

## III. DISCUSSION

By his sole issue, appellant argues that the justification of self-defense was raised by the evidence; therefore, the trial court erred in denying an instruction. Appellant relies on his statement to law enforcement as well as evidence from the crime scene indicating that there was a physical altercation. The State concedes that appellant's statement that Avitia was the first to use the firearm sufficiently establishes that Avitia "used or exhibited deadly force[.]" However, the State maintains appellant's use of deadly force was not justified because appellant returned to Avitia's home and broke down the door. The State contends that "the evidence, even viewed most favorably to [appellant's] requested instruction, establishes that self-defense was not justified as a matter of law." We agree with the State that appellant was not entitled to a self-defense instruction because the

evidence establishes as a matter of law that appellant provoked Avitia's use of deadly force.

The doctrine of provocation acts as a limitation or total bar on a defendant's right to self-defense. *Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998); *see Mason v. State*, 88 Tex. Crim. 642, 228 S.W. 952, 955 (1921) ("If a person by his own willful and wrongful act bring[s] about the necessity of taking the life of another to prevent being killed himself, he cannot say or claim that such killing was in his own necessary self-defense, for the law then imputes to him his own wrong and its consequences[.]"). The provocation doctrine is codified in section 9.31(b)(4) of the penal code. *See* TEX. PENAL CODE ANN. § 9.31(b)(4). That section provides that the use of force against another is not justified if the actor provoked the other's use or attempted use of unlawful force, unless:

> (A)  the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and
>
> (B)  the other nevertheless continues or attempts to use unlawful force against the actor[.]

*Id.* Normally, provocation is a fact issue and is included in the court's charge as a limitation on self-defense. *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984); *see Smith*, 965 S.W.2d at 513. However, "[i]f the defendant admits the intent to provoke or the evidence clearly establishes that intent and the defendant does not present any counter-evidence, provocation can be established as a matter of law." *Halbert v. State*, 881 S.W.2d 121, 126 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (citing *Coble v. State*, 871 S.W.2d 192, 202 (Tex. Crim. App. 1993); *Dyson*, 672 S.W.2d at 464). When

6

the evidence establishes as a matter of law that force is not justified in self-defense, no instruction is required. *Dyson*, 672 S.W.2d at 464–65; *see Coble*, 871 S.W.2d at 202 (holding that the evidence did not raise self-defense because appellant initiated the encounter, and "it was [the victim] who was acting in self-defense"); *Lockhart v. State*, 847 S.W.2d 568, 574–75 (Tex. Crim. App. 1992) (holding that the evidence did not sufficiently raise self-defense where the defendant initiated the altercation resulting in the victim's death); *see also Bonner v. State*, No. 13-13-00626-CR, 2015 WL 4141114, at *2–3 (Tex. App.—Corpus Christi July 9, 2015, no pet.) (mem. op., not designated for publication).

In *Dyson*, the court of criminal appeals considered whether a self-defense instruction was required when the evidence established provocation as a matter of law. 672 S.W.2d at 463–64. Dyson testified he wanted to fight his brother and later yelled at him to "come out and fight" after his brother had retreated. *Id.* at 461–62. Officers responded to the scene and went to the front door of Dyson's residence. *Id.* at 462. According to Dyson, he saw an "image or shadow at the door," and thinking it was his brother, he fired in that direction. *Id.* Dyson testified that his brother had access to guns and that he believed he "was coming around to try to shoot me[.]" *Id.* The court noted that "the [defendant's] intent is crucial in determining whether provocation has been established as a matter of law[,]" and that the defendant "expressly stated that his intent was to fight [the victim.]" *Id.* at 464. Therefore, the *Dyson* court held that provocation was established as a matter of law and that the defendant was not entitled to a self-defense instruction. *Id.*

Similarly, in *Bonner*, this Court concluded that the trial court did not err in denying a self-defense instruction where provocation was established as a matter of law. 2015 WL 4141114, at *3. The defendant, Dedrick Bonner, testified that he went to the victim's apartment with a co-defendant with the intent to engage in a physical confrontation. *Id.* at *1. During the confrontation, Bonner claimed that the victim approached him "clutching knives in both hands" and that he responded by shooting the victim. *Id.* We concluded that the evidence established provocation as a matter of law because Bonner's expressed intent was to engage in a physical altercation with the victim. *Id.* at *3. Accordingly, we held that Bonner's actions "extinguish[ed] any possible claim of self-defense." *Id.* (citing *Dyson*, 672 S.W.2d at 463).

Like *Dyson* and *Bonner*, the evidence in the present case, viewed in the light most favorable to appellant, establishes appellant's intent to provoke the altercation as a matter of law. It is undisputed that appellant returned to Avitia's home shortly after an earlier fight with Avitia and forcibly entered the habitation by breaking down the door. Appellant admitted he was upset that he had lost the earlier fight and he "messed up" by returning to the residence. While appellant did not explicitly say that he intended to provoke a second physical altercation, his intent to do so was clearly established by his admissions to law enforcement. *See Halbert*, 881 S.W.2d at 126 (explaining that if the evidence clearly establishes the intent to provoke and the defendant does not present any counter-evidence, provocation is established as a matter of law). Additionally, neither the State nor appellant introduced any evidence that would indicate a contrary intent. *Cf. Semaire v. State*, 612 S.W.2d 528, 531 (Tex. Crim. App. 1980) ("Inasmuch as the appellant

8

expressly denied any intent to harm his wife when he broke into the apartment, the evidence created only a question for the jury on provocation."). We conclude that the evidence establishes that appellant provoked Avitia's use of force as a matter of law. *See Halbert*, 881 S.W.2d at 126. Further, there was no evidence that appellant attempted to abandon the encounter or that he communicated his intent do so. *See* TEX. PENAL CODE ANN. § 9.31(b)(4). Therefore, the trial court did not err in denying a self-defense instruction. *See Shaw*, 243 S.W.3d at 658.

We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of December, 2017.

9