**Lucille VALENTINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56746.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 24, 1979.

Malcolm R. Sanders, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and T. Michael Sutton, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

The appellant was indicted for murder, but the jury found him guilty of the lesser included offense of voluntary manslaughter and assessed punishment at ten years' confinement.

Appellant presents seven grounds of error, all of which complain of the court's charge to the jury at the guilt-innocence phase of the trial. We affirm.

The appellant testified in her behalf that during the early morning hours of July 20, 1974, she was awakened when her estranged husband, the deceased, began knocking on her trailer door and shouting obscenities. The appellant also testified that she knew the deceased to be a violent person and that he, on past occasions, administered to her general beatings with his fists and on two occasions stabbed her with a knife without provocation. She stated that immediately prior to the shooting, she was in fear for her life because the deceased threatened to kill her and attempted to enter the trailer by prying open the door from the outside at which time the appellant drew a .22 caliber pistol and from inside the trailer fired twice into the door. One of the bullets struck the deceased in the back of the head and killed him instantly.

In her first, fourth and sixth grounds of error, the appellant complains of the court's failure to instruct the jury that she had the right to defend against a reasonable apprehension of danger as viewed from her standpoint at the time of the offense. She cites *Jones v. State*, 544 S.W.2d 139 (Tex.Cr.App.1976). We find no merit in this contention.

The court's instruction to the jury, in pertinent part, was as follows:

"Therefore, even if you believe from the evidence beyond a reasonable doubt that the defendant, Lucille Valentine, did shoot, [the deceased] with a gun, as alleged, but you further believe from the evidence, or you have a reasonable doubt thereof, that, at the time she did so, the defendant *reasonably believed* that [the deceased] was using or attempting to use unlawful deadly force against her and

that she reasonably believed that the use of force and the degree of force used were immediately necessary to protect herself against [the deceased's] use or attempted use of deadly force, and that a reasonable person in the defendant's situation would not have retreated, you will find the defendant not guilty." (Emphasis supplied.)

Prior to giving this instruction, as part of its charge on the law of self-defense, the court instructed the jury that:

> "By the term 'reasonable belief', as herein used, is meant a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant."

In *Jones v. State,* supra, relied upon by the appellant, it was held that the court committed reversible error by refusing the defendant's properly requested instruction on his right to defend against apparent danger as viewed from his standpoint when the issue was raised by the evidence. In *Jones,* the court instructed the jury that the defendant would be justified in killing the deceased if " . . . at the time he did so, *the [deceased] was using or attempting to use* unlawful deadly force against the defendant, [etc.] . . . ." (Emphasis supplied.) This charge was held to be inadequate because it required the jury to find, or have a reasonable doubt thereof, that at the time he was shot, the deceased was *actually* using or attempting to use unlawful deadly force against the defendant. We held:

> "This Court, under the former Penal Code (1925), has consistently held that where the evidence raises the issue of apparent danger, the court, in instructing the jury on the law of self-defense, should tell it that a person has a right to defend from apparent danger to the same extent as he would had the danger been real, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time.
>
> \*   \*   \*   \*   \*   \*
>
> " . . . [I]n the instant case it was not necessary that the jury find that the

deceased was using or attempting to use unlawful deadly force against appellant in order for appellant's right of self-defense to exist. It would be sufficient if the jury found that the appellant reasonably believed, as viewed from his standpoint at the time, that deadly force, when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force by deceased."

V.T.C.A., Penal Code, Section 9.31(a) expressly provides that "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary . . . ." Likewise, V.T.C.A., Penal Code, Section 9.32 provides that deadly force may be used to defend oneself if one "reasonably believes the deadly force is immediately necessary . . . ." Unlike the court in *Jones v. State,* supra, the court in the present case instructed the jury that the appellant's conduct would be justified if the appellant reasonably believed that the deceased was using or attempting to use unlawful deadly force against her at the time of the shooting. By defining the term "reasonable belief" as it did, the court instructed the jury that a reasonable apprehension of danger, whether it be actual or apparent, is all that is required before one is entitled to exercise the right of self-defense against his adversary. See V.T.C.A., Penal Code, Section 1.07(31). Furthermore, we observe that the court's charge is in accordance with Sections 1.07(31), 9.31, and 9.32 of the Penal Code, all of which adequately presented the appellant's defensive theory and protected her rights. Article 36.19 V.A.C.C.P. Appellant's contention is overruled.

■ Contrary to the appellant's next contention, the court instructed the jury that it was allowed to consider "all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the alleged offense." This instruction comports with

V.T.C.A., Penal Code, Section 19.06.[1] The appellant further contends that in addition to this charge, the court should have instructed the jury "to consider the words, acts, and conduct, if any, of the decedent at the time of and prior to the time of the alleged killing and consider whatever threats, if any, the decedent may have made to the Appellant and consider any difficulty which the decedent had had with the Appellant in determining what belief would be held by an ordinary and prudent person in the same circumstances as the Appellant and in her circumstances alone." We hold that this requested charge was adequately presented by the court's instruction to the jury pursuant to Section 19.06, supra, (see footnote 1) to the effect that the jury could consider "all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased . . . ." When the charge refused is substantially the same as or is adequately covered by the charge given, no harm is shown. *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App.1977). Appellant's contention is overruled.

■ Next, the appellant contends that the trial court erred by instructing the jury, over timely objection, upon the law of "retreat." (See quote from the charge, supra.) The appellant argues that under Texas law, a person has no duty to retreat from his own home and therefore, the jury should not have been so instructed. We disagree. In *Sternlight v. State,* 540 S.W.2d 704 (Tex. Cr.App.1976), we noted that one of the most drastic changes made in the new Penal Code is that before deadly force may be used in self-defense the actor is required to retreat if a reasonable person in the actor's situation would have retreated. See also

V.T.C.A., Penal Code, Section 9.32(2). We further noted in *Sternlight* that an instruction on the law of retreat requires the jury "in deciding the issue on self-defense to determine whether the [defendant] had the ability and opportunity to retreat considered as a part of all of the circumstances of the moment." Ibid. at 706. We concluded our discussion on this point by holding that an instruction on the law of retreat drafted in the language of the statute is sufficient. Our holding in *Sternlight* is in harmony with the Practice Commentary following Section 9.32, supra, which states:

" . . . A person ought to retreat, if he can do so safely, before taking human life; and because Texas law never imposed this duty, it is set out in Section 9.32(2). By measuring the existence and extent of the retreat obligation in terms of the ordinary person in the actor's situation, it is contemplated that the factfinder will make a moral judgment on whether a defendant in a specific case ought to have retreated before threatening or using deadly force." Practice Commentary, V.T.C.A., Penal Code, Section 9.32.

■ The appellant sought to justify the homicide on the theory that she killed the deceased in self-defense. The fact that she was inside her trailer house at the time she shot the deceased is only a factor to be considered by the jury in determining whether or not the appellant satisfied the retreat obligation imposed by Section 9.32(2), supra. Had the appellant sought to justify her conduct under V.T.C.A., Penal Code, Section 9.42 (Deadly force to protect property), we might be faced with a different question. However, the evidence did not raise this defense.[2] Thus, we need not

---

1. Section 19.06, supra, provides:

"In all prosecutions for murder or voluntary manslaughter, the state or *the defendant* shall be permitted to offer testimony as to all the relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense."

2. Section 9.42 provides, in pertinent part, as follows:

"A person is justified in using deadly force against another to protect land or tangible, movable property:

"(1) if he would be justified in using force against the other under Section 9.41 of this code . . . ."

Section 9.41, supra, provides, in pertinent part, as follows:

pass upon the question of whether or not a retreat obligation exists when one relies upon the justification provided for in Section 9.42, supra. We conclude that the trial court correctly submitted to the jury, as the trier of fact, the question of appellant's duty to retreat under the circumstances of the present case. This contention is overruled.

Finally, the appellant contends that the court erred by instructing the jury pursuant to Section 9.32, supra, that before a person is entitled to use deadly force in self-defense he must reasonably believe "the deadly force is immediately necessary . . . to protect himself against the other's use or attempted use of unlawful deadly force." Appellant argues that one should not have to make a "judicial determination" of what constitutes deadly force before he is entitled to respond with deadly force.

One of the requirements which must be met before there arises a justification for the use of deadly force against another is that the actor must also be justified in using force against another under Section 9.31, supra, which provides, in part, that "[A] person is justified in using force against another when and *to the degree he reasonably believes* the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." (Emphasis supplied.) Thus, before one exerts deadly force in response to an attack upon him, he must reasonably believe it is necessary. Consequently, the actor is held to the standard of "an ordinary and prudent man in the same circumstances as the actor." Section 1.07(31), supra. We conclude that the trial court did not err by holding the appellant to this standard under the facts of the present case. Appellant's final contention is overruled.

The judgment is affirmed.

"(a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is imme-

diately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property. . . ."