TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00420-CR






Joseph Michael Fenner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0964497, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







A jury found appellant Joseph Michael Fenner guilty of murder and assessed punishment
at imprisonment for forty-five years. Tex. Penal Code Ann. § 19.02 (West 1994). In two points of error,
appellant contends the district court erred by refusing his requested instructions regarding the law of self-defense. We will overrule both points and affirm the district court's judgment.

Appellant, a member of an Austin youth gang, shot and killed a member of a rival gang. 
Appellant testified that he acted in self-defense. The court's charge to the jury included instructions on the
law of self-defense as found in Penal Code sections 9.31(a) and (b)(1) and 9.32(a)(1), (2), and (3)(A),
followed by an application of that law to the facts. See Tex. Penal Code Ann. §§ 9.31 (West 1994 &
Supp. 1998), 9.32 (West Supp. 1998). Appellant objected to the wording of these instructions, asking
that three references to the deceased's use of "unlawful force" or "deadly force" be modified by adding
the words "real or apparent." As modified, the instructions would have referred to the deceased's "use
or attempted use of unlawful force real or apparent" and to his "real or apparent use or attempted use of
deadly force." In addition, appellant asked that the two following paragraphs be added to the self-defense
instructions:


It is not necessary that there be an actual attack or attempted attack. As a person
has a right to defend his life and person from apparent danger as fully and to the same
extent as he would had the danger been real. Provided that he acted upon a reasonable
apprehension of danger as it appeared to him from his standpoint at the time. And that he
reasonably believed such force was immediately necessary to protect himself against the
other person's use or attempted use of unlawful deadly force.


You are further instructed that in determining the existence of real or apparent
danger, it is your duty to consider all of the facts and circumstances in the case in evidence
before you and consider the words, acts and conduct, if any, of [the deceased] at the time
and prior to the time of the alleged shooting. And considering such circumstances, you
should place yourself in the defendant's position at that time and view them from his
standpoint alone.



Appellant's objections were overruled and his requested instructions were refused.

The two requested paragraphs were taken from the charge quoted in Fielder v. State, 756
S.W.2d 309, 319 n.13 (Tex. Crim. App. 1988). The Court of Criminal Appeals quoted these paragraphs
to illustrate an evidentiary point, and the Fielder opinion does not hold that such instructions are mandatory
in self-defense cases.

A person has the right to defend himself from apparent danger to the same extent as he
would had the danger been real, provided he acted upon a reasonable apprehension of danger as it
appeared to him from his standpoint at the time. Jones v. State, 544 S.W.2d 139, 142 (Tex. Crim. App.
1976). In Jones, the Court of Criminal Appeals held that a trial court erred by instructing the jury to find
against the accused on the self-defense issue if it found or had a reasonable doubt that the deceased was
not actually using or attempting to use deadly force. Id. at 157. The court's charge in the cause before
us does not suffer from the flaw found in Jones.

The district court instructed the jury that "a person is justified in using force against another
when and to the degree he reasonably believes the force is immediately necessary to protect himself against
the other's use or attempted use of unlawful force." See Penal Code § 9.31(a). In applying the law of self-defense to the facts, the court instructed the jury to acquit appellant if it found or had a reasonable doubt
"that the defendant reasonably believed, as viewed from his standpoint alone, that deadly force when and
to the degree used . . . was immediately necessary to protect himself . . . against the use or attempted use
of unlawful deadly force by the said [deceased] . . . ." The court also told the jury that a "reasonable belief"
is "a belief that would be held by an ordinary and prudent person in the same circumstances as the
defendant." These instructions adequately informed the jury that a reasonable apprehension of danger,
whether real or apparent, is all that is required in the lawful exercise of the right to self-defense. See
Valentine v. State, 587 S.W.2d 399, 401 (Tex. Crim. App. 1979) (construing instructions substantially
identical to those in this cause). The district court's charge did not include the improper "negative
paragraph" that rendered the Jones instructions erroneous. See Constancio v. State, 643 S.W.2d 153,
157 (Tex. App.--Austin 1982, no pet.) (distinguishing Valentine from Jones).

The district court's charge also included an instruction pursuant to article 38.36(a) of the
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.36(a) (West Supp. 1998). This
instruction authorized the jury to consider all relevant facts and circumstances in the case, including the
previous relationship between appellant and the deceased, in determining whether appellant had a
reasonable apprehension of danger. Valentine, 587 S.W.2d at 401-02.

The district court's charge fully and fairly instructed the jury on appellant's right of self-defense. The court did not err by overruling appellant's objections and refusing his requested instructions. 
Points of error one and two are overruled.

The judgment of conviction is affirmed.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 13, 1998

Do Not Publish



 to the self-defense
instructions:


It is not necessary that there be an actual attack or attempted attack. As a person
has a right to defend his life and person from apparent danger as fully and to the same
extent as he would had the danger been real. Provided that he acted upon a reasonable
apprehension of danger as it appeared to him from his standpoint at the time. And that he
reasonably believed such force was immediately necessary to protect himself against the
other person's use or attempted use of unlawful deadly force.


You are further instructed that in determining the existence of real or apparent
danger, it is your duty to consider all of the facts and circumstances in the case in evidence
before you and consider the words, acts and conduct, if any, of [the deceased] at the time
and prior to the time of the alleged shooting. And considering such circumstances, you
should place yourself in the defendant's position at that time and view them from his
standpoint alone.



Appellant's objections were overruled and his requested instructions were refused.

The two requested paragraphs were taken from the charge quoted in Fielder v. State, 756
S.W.2d 309, 319 n.13 (Tex. Crim. App. 1988). The Court of Criminal Appeals quoted these paragraphs
to illustrate an evidentiary point, and the Fielder opinion does not hold that such instructions are mandatory
in self-defense cases.

A person has the right to defend himself from apparent danger to the same extent as he
would had the danger been real, provided he acted upon a reasonable apprehension of danger as it
appeared to him from his standpoint at the time. Jones v. State, 544 S.W.2d 139, 142 (Tex. Crim. App.
1976). In Jones, the Court of Criminal Appeals held that a trial court erred by instructing the jury to find
against the accused on the self-defense issue if it found or had a reasonable doubt that the deceased was
not actually using or attempting to use deadly force. Id. at 157. The court's charge in the cause before
us does not suffer from the flaw found in Jones.

The distr