LARRY WAYNE PRICE V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-268-CR

LARRY WAYNE PRICE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Larry Wayne Price appeals his conviction for assault causing serious bodily injury.  In three points, appellant complains of errors in the jury charge.  We will affirm.

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. 
 Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error is “calculated to injure the rights of the defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. art. 36.19 (Vernon 1981); 
see Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id
.; 
see also Ovalle v. State
, 13 S.W.3d 774, 786-87 (Tex. Crim. App. 2000).

In point one, appellant complains that the court improperly charged the jury on his right to act in self-defense.  Specifically, appellant contends that, in the converse instruction on self-defense, the trial court erroneously instructed the jury to consider the issue from the perspective of a “reasonable and prudent person” in appellant’s position.  According to the 
penal code, “a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.”  
Tex. Penal Code Ann.
 § 9.31(a) (Vernon 2003).  The term “reasonable belief” is defined as “a belief that would be held by an ordinary and prudent man in the same circumstances as the actor.”  
Id. 
§ 1.07(42).  

In the present case, the trial court instructed the jury to find appellant not guilty if it found that he “reasonably believed, as viewed from his standpoint alone, that force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful force” by the victim.  The trial court also instructed the jury to find appellant guilty if it found that “an ordinary and prudent person in the Defendant’s situation would not have reasonably believed that the degree of force actually used by him was immediately necessary to protect himself against [the victim’s] use or attempted use of unlawful force or that the Defendant’s use of force was in response to verbal provocation alone.”  By defining the term “reasonable belief” as it did, the court instructed the jury that a reasonable apprehension of danger, whether it be actual or apparent, is all that is required before one is entitled to exercise the right of self-defense against his adversary.  In other words, while the question of whether appellant reasonably believed he was in danger is viewed from appellant’s standpoint alone, the penal code does require that this belief be reasonable.  Reasonableness is determined by whether an ordinary and prudent person in appellant’s situation would believe he or she was in danger.  
Tex. Penal Code Ann.
 § 9.31(a)
.  Therefore, the court’s charge is in accordance with sections 1.07(42) and 9.31(a) of the penal code, and thus adequately presented the appellant’s defensive theory and protected his rights.  
See Valentine v. State
, 587 S.W.2d 399, 401 (Tex. Crim. App. [Panel Op.] 1979); 
Richardson v. State
, 906 S.W.2d 646, 650 (Tex. App.—Fort Worth 1995, pet. ref’d).  We overrule point one.

In point two, appellant claims that the trial court erred by including in the jury charge an instruction on the issue of provoking the difficulty.  Provoking the difficulty is a concept in criminal law which acts as a limitation or total bar on a defendant's right to self-defense.  
Smith v. State
, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998).  If the defendant provoked another to make an attack on him, so that the defendant would have a pretext for killing the other under the guise of self-defense, the defendant forfeits his right of self-defense. 
 Tex. Penal Code Ann.
 § 9.31(b)(4); 
Smith
, 965 S.W.2d at 512; 
Matthews v. State
, 708 S.W.2d 835, 837-38 (Tex. Crim. App. 1986).  A charge on provocation is required when there is sufficient evidence (1) that the defendant did some act or used some words that provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm upon the other. 
Smith
, 965 S.W.2d at 513.  To determine whether a provocation instruction was proper, the appellate court, viewing the evidence in the light most favorable to giving the instruction, asks whether there was sufficient evidence from which a rational jury could have found provocation beyond a reasonable doubt. 
 Id
. at 514.

In the present case, the victim testified that appellant was angry when he approached him.  Appellant cursed at him and accused him of “putting [his] hands on the secretary.”  Not realizing that he had offended anyone, the victim exited his vehicle and joined appellant on the loading dock.  A “yelling match” ensued, and appellant ordered the victim to keep his “hands off” the secretary’s neck.  Appellant then told the victim that he had “a good mind to knock” him out.  When the victim bumped into appellant, appellant punched him.  The force of the punch caused the victim to fall off the loading dock and break his wrist and elbow.  Based on this evidence, a rational jury could have found provocation beyond a reasonable doubt.  Therefore, the trial court did not err in submitting a jury instruction on provoking the difficulty.  We overrule appellant’s second point.  

In his third point, appellant contends that the trial court erred by failing to include an instruction on self-defense in the jury charge.  However, because the trial court did include an abstract definition of and two application paragraphs regarding self-defense, we need not address this issue.  
We overrule appellant’s third point.

Having overruled each of appellant’s points, we will affirm the trial court’s judgment.

SAM J. DAY

JUSTICE

PANEL A: DAY,
 LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED MARCH 20, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4
.