COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-268-CR
 
LARRY WAYNE PRICE           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Larry Wayne Price appeals his conviction
for assault causing serious bodily injury. In three points, appellant complains
of errors in the jury charge. We will affirm.
Appellate review of error in a jury charge
involves a two-step process. Abdnor v. State, 871 S.W.2d 726, 731 (Tex.
Crim. App. 1994). Initially, we must determine whether error occurred. If so, we
must then evaluate whether sufficient harm resulted from the error to require
reversal. Id. at 731-32. Error in the charge, if timely objected to in
the trial court, requires reversal if the error is "calculated to injure
the rights of the defendant," which means no more than that there must be some
harm to the accused from the error. TEX.
CODE CRIM.
PROC. ANN.
art. 36.19 (Vernon 1981); see Abdnor, 871 S.W.2d at 731-32; Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). In
other words, a properly preserved error will call for reversal as long as the
error is not harmless. Almanza, 686 S.W.2d at 171. In making this
determination, "the actual degree of harm must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues
and weight of probative evidence, the argument of counsel and any other relevant
information revealed by the record of the trial as a whole." Id.; see
also Ovalle v. State, 13 S.W.3d 774, 786-87 (Tex. Crim. App. 2000).
In point one, appellant complains that the
court improperly charged the jury on his right to act in self-defense.
Specifically, appellant contends that, in the converse instruction on
self-defense, the trial court erroneously instructed the jury to consider the
issue from the perspective of a "reasonable and prudent person" in
appellant's position. According to the penal code, "a person is justified
in using force against another when and to the degree he reasonably believes the
force is immediately necessary to protect himself against the other's use or
attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (Vernon
2003). The term "reasonable belief" is defined as "a belief that
would be held by an ordinary and prudent man in the same circumstances as the
actor." Id. § 1.07(42).
In the present case, the trial court
instructed the jury to find appellant not guilty if it found that he
"reasonably believed, as viewed from his standpoint alone, that force when
and to the degree used, if it was, was immediately necessary to protect himself
against the use or attempted use of unlawful force" by the victim. The
trial court also instructed the jury to find appellant guilty if it found that
"an ordinary and prudent person in the Defendant's situation would not have
reasonably believed that the degree of force actually used by him was
immediately necessary to protect himself against [the victim's] use or attempted
use of unlawful force or that the Defendant's use of force was in response to
verbal provocation alone." By defining the term "reasonable
belief" as it did, the court instructed the jury that a reasonable
apprehension of danger, whether it be actual or apparent, is all that is
required before one is entitled to exercise the right of self-defense against
his adversary. In other words, while the question of whether appellant
reasonably believed he was in danger is viewed from appellant's standpoint
alone, the penal code does require that this belief be reasonable.
Reasonableness is determined by whether an ordinary and prudent person in
appellant's situation would believe he or she was in danger. Tex. Penal Code
Ann. § 9.31(a). Therefore, the court's charge is in accordance with sections
1.07(42) and 9.31(a) of the penal code, and thus adequately presented the
appellant's defensive theory and protected his rights. See Valentine v.
State, 587 S.W.2d 399, 401 (Tex. Crim. App. [Panel Op.] 1979); Richardson
v. State, 906 S.W.2d 646, 650 (Tex. App.--Fort Worth 1995, pet. ref'd). We
overrule point one.
In point two, appellant claims that the
trial court erred by including in the jury charge an instruction on the issue of
provoking the difficulty. Provoking the difficulty is a concept in criminal law
which acts as a limitation or total bar on a defendant's right to self-defense. Smith
v. State, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998). If the defendant
provoked another to make an attack on him, so that the defendant would have a
pretext for killing the other under the guise of self-defense, the defendant
forfeits his right of self-defense. Tex. Penal Code Ann. § 9.31(b)(4); Smith,
965 S.W.2d at 512; Matthews v. State, 708 S.W.2d 835, 837-38 (Tex.
Crim. App. 1986).  A charge on provocation is required when there is
sufficient evidence (1) that the defendant did some act or used some words that
provoked the attack on him, (2) that such act or words were reasonably
calculated to provoke the attack, and (3) that the act was done or the words
were used for the purpose and with the intent that the defendant would have a
pretext for inflicting harm upon the other.  Smith, 965 S.W.2d at
513. To determine whether a provocation instruction was proper, the appellate
court, viewing the evidence in the light most favorable to giving the
instruction, asks whether there was sufficient evidence from which a rational
jury could have found provocation beyond a reasonable doubt. Id. at
514.
In the present case, the victim testified
that appellant was angry when he approached him. Appellant cursed at him and
accused him of "putting [his] hands on the secretary."  Not
realizing that he had offended anyone, the victim exited his vehicle and joined
appellant on the loading dock. A "yelling match" ensued, and appellant
ordered the victim to keep his "hands off" the secretary's neck.
Appellant then told the victim that he had "a good mind to knock" him
out.  When the victim bumped into appellant, appellant punched him. The
force of the punch caused the victim to fall off the loading dock and break his
wrist and elbow. Based on this evidence, a rational jury could have found
provocation beyond a reasonable doubt. Therefore, the trial court did not err in
submitting a jury instruction on provoking the difficulty. We overrule
appellant's second point.
In his third point, appellant contends
that the trial court erred by failing to include an instruction on self-defense
in the jury charge. However, because the trial court did include an abstract
definition of and two application paragraphs regarding self-defense, we need not
address this issue. We overrule appellant's third point.
Having overruled each of appellant's
points, we will affirm the trial court's judgment.

                                                                       
SAM J. DAY
                                                                       
JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED MARCH 20, 2003]

1. See Tex. R. App. P. 47.4.