# NO. 12-16-00048-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES PRESTON BALES,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Preston Bales appeals his conviction for murder. In a single issue, Appellant contends the trial court's self-defense instruction was inaccurate and incomplete. We affirm.

## BACKGROUND

On March 6, 2015, Appellant struck Bias Lott on the head with a baseball bat. Lott died from his injuries the next day. Following an investigation, Appellant was arrested and charged with murder.

At trial, Appellant claimed that he acted in self-defense because Lott was holding a knife. The trial court determined that a fact issue had been raised and included instructions regarding self-defense in its charge to the jury. The jury found Appellant "guilty" as charged in the indictment and sentenced Appellant to life in prison. This appeal followed.

## CHARGE ERROR

In his only issue, Appellant asserts the trial court's self-defense instruction was inaccurate and incomplete.

## Standard of Review

The review of an alleged jury-charge error in a criminal trial is a two-step process. ***Abdnor v. State***, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. ***Id***. Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. ***Id***. at 731-32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected. ***Id***. at 732. If the appellant objected to the error at trial, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This standard requires proof of no more than some harm to the accused from the error. ***Almanza v. State***, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. ***Id***. "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." ***Id***.

## Analysis

Appellant argues that the self-defense instructions in the jury charge were incomplete because the trial court did not include the definitions of "self-defense" and "deadly conduct in self-defense" as defined in the Texas Penal Code.

The penal code states that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself. TEX. PENAL CODE ANN. § 9.31(a) (West 2011). And deadly force may be used to defend oneself if he "reasonably believes the deadly force is immediately necessary" to protect himself from the use or attempted use of unlawful deadly force. ***Id***. § 9.32(a)(2)(A) (West 2011). The penal code defines a "reasonable belief" as one that would be held by an ordinary and prudent man in the same circumstances as the actor. ***Id***. § 1.07(a)(42) (West Supp. 2016).

Texas courts have held that when a defendant claims self-defense, his rights are fully preserved when a jury charge (1) states that a defendant's conduct is justified if he reasonably believed that the deceased was using or attempting to use unlawful deadly force against the defendant, and (2) correctly defines "reasonable belief." ***Bundy v. State***, 280 S.W.3d 425, 430

2

(Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Valentine v. State*, 587 S.W.2d 399, 401 (Tex. Crim. App. [Panel Op.] 1979)). Furthermore, the Texas Court of Criminal Appeals has held that if the instruction is not derived from the penal code, it is not "applicable law" for purposes of the charge under article 36.14 of the code of criminal procedure. *See Walters v. State*, 247 S.W.3d 204, 214 (Tex. Crim. App. 2007).

Here, in accordance with the penal code, the trial court's charge instructed the jury, in pertinent part, that "A person's use of deadly force against another that would otherwise constitute the crime of murder is not a criminal offense if the person reasonably believed the force used was immediately necessary to protect the person against the other's use or attempted use of unlawful deadly force." *See* TEX. PENAL CODE ANN. §§ 9.31(a); 9.32(a)(2)(A). Also in accordance with the penal code, the charge defined "reasonable belief" as "a belief that an ordinary and prudent person would have held in the same circumstances as the defendant." *See id*. § 1.07(a)(42). Accordingly, the trial court's instructions tracked the statute's definitions regarding self-defense, deadly force, and reasonable belief. *See Bundy*, 280 S.W.3d at 430. Under these circumstances, the trial court properly instructed the jury on the issue of self-defense, and the jury charge was not erroneous. *See Walters*, 247 S.W.3d at 214; *Valentine*, 587 S.W.2d at 431; *see also* TEX. PENAL CODE ANN. §§ 1.07(a)(42), 9.31(a); 9.32(a)(2)(A). Therefore, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 8, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 8, 2017**

**NO. 12-16-00048-CR**

**JAMES PRESTON BALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0680-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*